## STATE vs. NEWTON.

SURETY, *in recognizance to appear, cannot be compelled to renew it.*—PLEADING: *consistent defenses.*

1. The recognizance required by sec. 4, ch. 37, R. S., cannot be renewed *as to the surety* by order of court without his consent.

2. In an action on such a recognizance, an answer by the surety that the accused, after judgment, was permitted by the state to depart the court, etc., is not inconsistent with a denial that the recognizance was renewed as to the surety at the next term after it was entered into, the cause having then been continued.

APPEAL from the Circuit Court for *Fond du Lac* County. *E. S. Bragg*, for appellant.

*Blair & Coleman*, for the state, as to the renewal of the recognizance, cited sec. 5, ch. 37, R. S. As to the effect of the admission on the face of the answer, they cited Gould's Pl., 152; Chitty's Pl. (8th ed.), 585; *Saltus v. Genin*, 3 Bosw.,

250; 7 Abb., 143; *Andrews v. Chadbourne*, 19 Barb., 147; *Crosbie v. Leary*, 6 Bosw., 312.

Dixon, C. J. Action upon a recognizance in a proceeding in bastardy, entered into before a justice of the peace by the appellant, as surety, for the appearance of the accused at the next term of the circuit court, as provided in sec. 4, chap. 37, R. S. The cause was not tried at the next term of the circuit court, and not until two terms had intervened, when the accused was found guilty, and adjudged to be the father of the child, and to stand chargeable with the maintenance thereof, etc., as provided by sec. 6. Breach, that the accused failed to appear and answer to the complaint at that term, and to abide the order of the court thereon. The complaint likewise avers, that the accused appeared at the next term after the recognizance was entered into, and, sufficient reason having been shown therefor, the cause was continued until the next succeeding term; and that thereupon the court ordered the renewal of the recognizance, and it was renewed as prescribed by sec. 5. It furthermore avers that at the second term of the court, the cause was again continued for sufficient reason until the next term, and a renewal of the recognizance ordered, and the same was renewed. Answer: 1st. A denial of the entire complaint except the making of the recognizance, and averment that the accused appeared at the time and place therein specified. 2nd. Averring performance of the condition as specified and required in the recognizance. 3d. Alleging the appearance of the accused at the term when the cause was tried, his conviction and receiving judgment, and that he was voluntarily permitted by the plaintiff to depart the court without the fault or neglect of the appellant, his surety. On the trial, the plaintiff gave no evidence proving or tending to prove a renewal of the recognizance at the

next or any succeeding term of the circuit court after the recognizance was entered into; and the judge instructed the jury that the answer of the appellant, alleging that the recognizance was satisfied by the accused being permitted by the state to go at large after judgment against him, was an admission on the part of the appellant that the recognizance was properly renewed and in force against him at the time the accused was tried,* and that it was not necessary for the state to show that any order was made by the court at the time the action was first continued, for the renewal of the recognizance against the surety.

This instruction was erroneous.   The denial that the recognizance was renewed, and the averment that the accused was voluntarily permitted by the state to go at large after judgment, are not inconsistent grounds of defense. The want of renewal and the permission to go at large are facts not necessarily connected with or dependent upon each other.   The recognizance may not have been renewed so as to bind the surety, and yet the state may have permitted the accused to. depart the court as alleged in the answer.   It may have been renewed as to the accused though not as to the surety, who could not be bound without his assent.

*By the Court.*—Judgment reversed, and a new trial awarded.

---

* The answer as to this point is, that the accused appeared personally at said term, " and answered the charge or complaint *in the said supposed recognizance recited,*" etc., etc.—REP.