THE STATE, Respondent, vs. WETTSTEIN and others, Appellants.

SAME, Respondents, vs. SAME, Appellants.

THE STATE, Respondent, vs. WETTSTEIN and another, Appellants.

*September 25 — October 13, 1885.*

STATUTES: MILWAUKEE MUNICIPAL COURT: BAIL: PRACTICE. *(1, 2) Grant of restricted power: Repeal by intendment of general law giving greater power: Bail for appearance from term to term. (3) Continuance: When sureties discharged: Pleading. (4) Action on recognizance, by whom to be brought. (5) Costs.*

1. Where, by the general laws, a court has other powers than those mentioned in a particular section of the statutes, which grants affirmatively a more restricted power, the general power of the court in that respect is not necessarily taken away.
2. Thus, sec. 2511, R. S., as amended by sec. 4, ch. 256, Laws of 1879, giving to the Milwaukee municipal court power to "bail over to an existing term, or to its next regular term," etc., does not take from that court its power under the general laws to take a recognizance for the attendance of a person from term to term.
3. A recognizance was given for the appearance of a person at the January term of court and from term to term thereafter, until discharged by law. In an action thereon the complaint stated that at the next (February) term the principal defendant appeared and obtained a continuance of the cause to the March term; that at the March term he failed to appear, etc. *Held* that the failure to allege that the cause was continued from the January term to the February term did not render the complaint insufficient.
4. An action upon a recognizance taken in a criminal case should be brought in the name of the state.
5. In such an action, upon overruling a demurrer to the complaint, costs may awarded against the defendants.

APPEALS from the Municipal Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

These actions were commenced in the municipal court of

the county of Milwaukee against the appellants, respectively, upon three separate recognizances entered into by them for the appearance of the appellant, *Wettstein*, in said court to stand trial upon the charge of obtaining goods under false pretenses.

The recognizances upon which the actions were brought are all in the following form substantially, except as to parties:

"STATE OF WISCONSIN, } In Municipal Court.
   MILWAUKEE COUNTY.

THE STATE OF WISCONSIN, }
        *against*            } No.  , January Term, A. D.
   MOSES WETTSTEIN.         } 1884.

"We, *Moses Wettstein*, as principal, and *Philip Carpeles* and *Bernhard Schram*, as sureties, hereby give bail in the sum of $1,000 for the appearance of said *Moses Wettstein* at the present term of the municipal court for Milwaukee county, to answer to a criminal prosecution for obtaining goods under false pretenses, and from term to term thereafter, until discharged by law.

"*Dated January 12th, A. D. 1884.*

                    "M. WETTSTEIN.       [Seal.]
                    "PHILLIP CARPELES.    [Seal.]
                    "BERNHARD SCHRAM.     [Seal.]

"Approved: JULIUS MEISWINKEL, Clerk of Municipal Court."

The complaint set out the arrest of *Wettstein;* that he was brought before the judge of said municipal court, charged with the offense as mentioned in the recognizance; that such proceedings were had that the said *Wettstein* was duly held to answer such charge at the then present term of said municipal court; and the bail to be given by him for his appearance thereat, and from term to term thereafter, as provided by law, was fixed at the sum of $1,000; and thereupon the accused and the other appellants, as his sure-

ties, entered into the recognizance in the form above set out. The complaint further alleges that the sureties justified, and the recognizance was delivered to, taken, approved, and filed by the clerk of said court; and thereupon the defendant *Wettstein* was discharged from custody, according to law.

The complaint then further alleges that at the next regular term of said court, held on the 11th day of February, 1884, said criminal action against said *Wettstein* having been duly reached in its order, the defendant was called upon to appear, and thereupon the attorney for said defendant appeared and moved that the action be adjourned until the March term of said court, which motion was allowed, and the cause was so adjourned; that at the March term of said court, and on the 11th day of March, A. D. 1884, said action of the state of Wisconsin against *Moses Wettstein* was reached in its order, and said defendant *Wettstein* was duly called to appear, but failed to appear; and thereupon, and immediately thereafter, the defendants *Philip Carpeles* and *Bernhard Schram* were duly and publicly called in open court to produce their principal, said *Moses Wettstein*, in court, but said sureties also failed to appear and produce their principal or to give excuse for his nonappearance, and thereupon said recognizance above set forth was duly and publicly declared forfeited, and thereupon the court ordered that an action be commenced against the said sureties on said recognizance; that the defendants have ever since then failed and neglected to pay the amount so forfeited by them upon said recognizance, and that by reason of the premises all the defendants have become and are still indebted to the plaintiff in the sum of $1,000 on their said obligation, and an action against them therefor has accrued in the name of the plaintiff and for the benefit of said county of Milwaukee. Wherefore the plaintiff demands judgment against the defendants for $1,000, its damages, and for the costs of this action.

To the complaint in each case the defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer in each case was overruled, and from the orders overruling the demurrers appeals were taken to this court.

The causes were submitted for the appellants on the brief of *Wallber & Schram*, and for the respondent on that of *W. C. Williams.*

For the appellants it was contended, *inter alia*, that if the accused appeared at the January term of the municipal court, and no continuance was had, the sureties were discharged. *State v. Newton*, 22 Wis. 536; *State v. Mackey*, 55 Mo. 51; *Kiser v. State*, 13 Ind. 80; *People v. Derby*, 1 Parker's Cr. Rep. 392. If the sureties produced their principal at that term they were released; or if anything was done by the prosecution, without the consent of the principal or sureties, preventing the disposition of the cause at that term, or extending the liability of the sureties over that term, the sureties are released. *Lamont v. Ward*, 36 Wis. 558. The complaint is defective in not alleging at least that the cause was continued by the court over the January term. *People v. Scott*, 67 N. Y. 585; *People v. Greene*, 5 Hill, 647; *People v. Hainer*, 1 Denio, 454; *Reese v. U. S.* 9 Wall. 13.

TAYLOR, J. Upon the hearing in this court, the learned counsel for the appellants contend that the complaints are bad (1) because it is insisted the municipal court has no power to take a recognizance in a criminal case, except from one term to another, and that a recognizance to appear from term to term is void; (2) the complaint is insufficient because it does not appear from the complaint that the criminal action was continued from the January term to the February term of said court, nor what disposition was made of the case at the January term; (3) that

the action should have been brought in the name of the county of Milwaukee and not in the name of the state. It is also alleged as error that costs were awarded to the plaintiff on overruling the several demurrers.

The municipal court has jurisdiction of an action on a recognizance taken in said court. See R. S. sec. 2499.

We think the learned counsel is mistaken as to the power of the municipal court to take a recognizance in criminal actions pending in that court, requiring the attendance of the accused from term to term. Sec. 2499, R. S., as amended by sec. 1, ch. 256, Laws of 1879, provides that such municipal court "may have and exercise powers and jurisdiction concurrent and equal with the circuit court of Milwaukee county in all cases of crimes arising in said county." Sec. 2500, R. S., as amended by sec. 2, ch. 256, Laws of 1879, provides as follows: "The general provisions of law which may at any time be in force relative to circuit courts, and actions and proceedings therein, in cases of crimes and misdemeanors, shall relate also to said municipal court unless inapplicable." ~Sec. 4810, R. S., reads as follows: "Whenever any person charged with a criminal offense shall be admitted to bail for his appearance at the circuit court to answer the same, he may at his option give bail either for his appearance at the then pending or next regular term thereof, or for his appearance at such term, and from term to term thereafter until discharged by law." Sec. 4811 prescribes the forms of recognizance to be taken in such cases. The second form prescribed by this section is the one used by the municipal court in the cases at bar. Sec. 4813 declares the effect of a recognizance taken in the forms aforesaid, and reads as follows: "Bail-bonds and recognizances given or entered in the above forms, or forms of substantially the same import, shall be as valid, binding, and effectual, and as much a charge, as those given in the forms heretofore in use, and shall bind the principal and sureties

jointly and severally as follows: " (1) If for the pending term only, for the appearance of the accused at court from day to day during such term, unless excused from such daily appearance by the court. (2) If for the next regular term only, for the appearance at court at such term on the first day thereof, and from day to day thereafter during the term, unless excused by the court from such daily appearance. (3) If for all terms, until discharged by law, for the appearance of the accused on the first day of each regular term, and from day to day thereafter during each term, unless excused by the court from such daily attendance, until discharged by law, and for like appearance at any court to which the case may be removed for trial." The last paragraph defines the effect of a recognizance taken in the form taken by the municipal court in the cases at bar. Sec. 4815, R. S., reads as follows: "The forms of recognizance and bail-bonds prescribed in the four preceding sections may be used as far as applicable in all criminal actions and proceedings in all justices' courts, police and other courts not of record, as well as in all courts of record in this state." The municipal court of the county of Milwaukee is a court of record, and also has the jurisdiction of a justice's court. See sec. 2499, as amended by sec. 1, ch. 256, Laws of 1879.

From the reading of the statutes above quoted it would seem that there ought to be no doubt as to the power of the municipal court to take a recognizance in the form taken in the cases against *Wettstein*. But the learned counsel for the appellants contend that all those provisions of law which seem so ample to confer the disputed power upon the municipal court should go for nothing, because sec. 2511, R. S., as amended by sec. 4, ch. 256, Laws of 1879, has the following language: "Said municipal court shall have power to commit or bail over to an existing term, or to its next regular term, such persons as on examination are found

to be indictable or subject to information, and such witnesses as may be necessary." .It is sometimes held that a statute which grants power to a court or officer is construed as prohibiting the exercise of any other power than that granted, but we are of the opinion that in cases of this kind, where, by the general laws of the state, a court has other powers than those mentioned in a particular section of the statutes which grants affirmatively a more restricted power, the general power of the court in regard to that matter is not necessarily taken away. We cannot think that the legislature intended to take away from the municipal court of Milwaukee—a court having as extensive a criminal jurisdiction as any in the state—a power in regard to letting its prisoners to bail, which is conferred upon every justice of the peace, police justice, and every other magistrate who has the power to take the examination of persons accused of crime, by the enactment of this paragraph of sec. 2511, R. S. This affirmative act can only repeal the other acts conferring the greater power upon the court by intendment; there is no express repeal, and we think it should not be held in a case of this kind that there is a repeal by intendment.

The second objection to the complaint, that it does not affirmatively show that the action was continued from the present January term, at which the recognizance required the appearance of the accused, to the next regular term in February, does not render the complaint insufficient. The condition of the recognizance as defined by the statute above quoted is that the defendant shall appear on the first day of the January term, and on the first day of each regular term thereafter, and from day to day during such terms, unless excused by the court from such daily attendance, until discharged by law. There is nothing in the complaint which shows that the defendants have been discharged by law from their recognizance, and the complaint does

show that the defendant recognized the power of the court to require his appearance at the February term, and he did then appear and continue the case until the March term, when he failed to appear, and so forfeited his recognizance.

We need not determine what the effect would be upon the recognizance had the defendant appeared from day to day, during the January term of the court, ready to answer to any indictment or information to be filed against him, and the court had neglected to call him to answer the same, or to continue the case, as there is nothing in the case showing that the defendant did so appear, nor is there anything in the case showing that any information was filed against him during the January term. Had the accused failed to give a recognizance for his appearance at the present term of the court, and had he been imprisoned on such failure to give bail, he would not have been entitled to a discharge from such imprisonment until the end of the February term of said court. See sec. 4638, R. S. We do not see, therefore, how his recognizance could have been discharged, had he appeared at said court during the January term, if no information had been filed against him during such term. Had the information been filed, and the accused had appeared and pleaded thereto, the court would have had the power to continue the case, against his will, until the next term, and such continuance would not have discharged the sureties on the recognizance.

The objection that the action upon the recognizance should be brought in the name of the county is clearly untenable. The recognizance is essentially an acknowledgment, on the part of those who enter into the acknowledgment, of a present indebtedness to the state of Wisconsin, with a condition that the indebtedness shall be deemed satisfied if the accused shall appear and stand trial for the crime with which he stands charged. Sec. 4795, R. S., declares that every recognizance taken in a criminal action "shall be

mere evidence of debt." Evidence of debt due to whom? Evidently to the state, to which the accused and his sureties acknowledge their indebtedness when they enter into their recognizance. Sec. 4806, R. S., clearly indicates that all actions upon recognizances taken in criminal prosecutions shall be brought in the name of the state. This section reads as follows:

" When any action is brought *in the name of the state of Wisconsin* against a principal or surety in any recognizance entered into either by a party or a witness in any criminal prosecution, and the penalty of such recognizance shall be adjudged forfeited, the court may, on application of any party defendant, remit any part or the whole of such penalty, and may render *judgment thereon for the state,* according to the circumstances of the case and the situation of the party, and upon such terms and conditions as to such court shall seem just and reasonable."

Sec. 4807, R. S., provides that the action on the recognizance maintained in the preceding section shall not be defeated by any neglect or omission to record the default of the parties, or by reason of any defect in the form of the recognizance, if it sufficiently appears from the tenor thereof at what court the party or witness is bound to appear, and that the court or magistrate before whom it was taken was authorized by law to require and take the same. Secs. 4795, 4806, 4807, R. S. 1878, have been the law of this state from the commencement. See sec. 19, ch. 102, and secs. 30, 31, ch. 145, R. S. 1849; sec. 40, ch. 132, and secs. 31, 32, ch. 176, R. S. 1858. The law of the territory was the same. See Laws of 1839, p. 228, sec. 18, and p. 373, secs. 30, 31. It has been the uniform practice from territorial times down to the present to bring all actions upon such recognizances in the name of the state. See *State v. Newton,* 22 Wis. 536; *State v. Homey,* 44 Wis. 615; *State ex rel. Guenther v. Miles,* 52 Wis. 488.

The State vs. Wettstein and others.

The provision of the Code which declares that every action shall be brought in the name of the party in interest has not changed the rule, as the case comes within the exceptions to the rule stated in sec. 2607, R. S., which authorizes a trustee of an express trust, or a person expressly authorized by statute, to sue without joining with him the person for whose benefit the action is brought, and "a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." This court decided that the money recovered on a forfeited recognizance belongs to the county in which the party was held to stand trial, and not to the state. See *State ex rel: Guenther v. Miles*, 52 Wis. 488. And, as the law requires the recognizance to be taken in the name of the state, though for the benefit of the county, the action may be brought in the name of the state, and we think must be so brought.

This being a civil action for the recovery of a debt, we see no objection to charging the defendants with the costs of the demurrer.

We think the demurrers to the complaints in the several actions were properly overruled.

*By the Court.*— The order of the municipal court overruling the demurrer in each case is affirmed, and the cases are remanded for further proceedings.