CITY OF MILWAUKEE, Respondent, vs. UNITED STATES FI-
DELITY & GUARANTY COMPANY, imp., Appellant.

*January 10—January 31, 1911.*

*Officers: Clerk of Milwaukee municipal court: Official bond: Statutory
or common law? Construction: Action for breach: Parties: Stat-
utes: Special and general: Re-enactment and repeal.*

1. The act creating a district court in Milwaukee county (ch. 218,.
   Laws of 1899) made the clerk of the municipal court *ex officio*
   clerk of such district court, without requiring of him an addi-
   tional bond or oath of office. The new court was in fact cre-
   ated to relieve the municipal court of its lesser business, so that.
   the clerk was simply required thereby to perform part of his
   old duties in a separate tribunal. *Held,* that the bond given by
   him as clerk of the municipal court covered his acts as clerk
   of the district court also.

2. A bond given by the clerk of the municipal court of Milwaukee
   county to the city of Milwaukee, conditioned that he shall "well
   and faithfully *in all things* execute and discharge the duties" of
   his office "without any fraud, neglect or omission," and shall in-
   demnify the city against all damage from his acts or neglect,
   is broad enough to entitle the city to recover thereon for moneys·
   which such clerk is required to pay over to the city treasurer,
   although they do not belong to the city but are to be paid over·
   in turn to the county treasurer or as fees to witnesses.

3. A bond given by a public officer is not deprived of its character
   as an official statutory bond by the fact that it differs in ver-
   biage from the bond prescribed by statute, or by the further·
   fact that it covers *all* of his official duties, while the statute re-
   quires one covering only the single duty of paying over moneys.
   In such case the surplusage will be rejected and the bond sus-
   tained as to the statutory conditions which it includes.

4. Such a bond being an official and statutory bond to the extent that
   it includes statutory conditions, the liability so far as such con-
   ditions are concerned is to be construed and enforced with the
   aid and in the light of all statutory provisions bearing thereon.

5. Where the bond of the clerk of a municipal court is required to
   be given *to the city,* such city is the proper party to sue for a.
   breach of its conditions in failing to pay over moneys, regard-
   less of the ultimate disposal of such moneys or whether or not
   the city is the real party in interest. The city in such case is.
   the. trustee of an express trust within sec. 2607, Stats. (1898).

6. Notwithstanding sec. 4816, Stats. (1898),—re-enacted from R. S.
1878,—requires forfeited bail moneys to be paid into the county
treasury, ch. 36, Laws of 1897, being a special act applying to
the municipal court of Milwaukee county, governs in respect to
that court and requires bail moneys forfeited therein to be paid
over to the city treasurer.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This is an action against the appellant as surety upon the
official bond of one Woller. The action was tried by the
court. The facts are not in dispute and are substantially as
follows: Woller was elected clerk of the municipal court of
Milwaukee county April 2, 1901, and thereafter qualified and
gave a bond to the city in the sum of $10,000, signed by the
appellant as surety, conditioned as follows:

"Now, therefore, the condition of this obligation is such
that if the above bounden Frank E. Woller shall well and
faithfully in all things execute and discharge the duties of the
office of clerk of the municipal court of said county, during
his continuance therein by virtue of such election, without
any fraud, neglect, or omission, and shall save harmless and
indemnify to such city of *Milwaukee,* as aforesaid, from and
against all acts or doings or neglect to do, of him, the said
Frank E. Woller, and of all judgments, penalties, costs,
charges, or damages in any action, that may be brought
against the said Frank E. Woller, by reason of any act or
omission done or suffered by the said Frank E. Woller, as
such clerk of the municipal court, then this obligation shall
cease and to be void, otherwise to be and remain in full force
and effect."

The municipal court is the superior criminal court of Mil-
waukee county, and by sec. 2506, R. S. 1878 (as amended by
ch. 7, Laws of 1895), the clerk is required to pay over quar-
terly to the city treasurer "all fines, penalties, collections and
other fees, except witnesses' fees," and other moneys belong-
ing to either the city or county treasury which may come into
his hands; also semi-annually to pay over to the city treasurer

uncalled for witnesses' fees, except the witness fees payable to policemen testifying for the prosecution, which are directed to be paid over to the policemen's relief association. By sec. 2504, R. S. 1878, the clerk is required to give an official bond

"conditioned that he shall account to and pay over to the city treasurer of said city, on the first Mondays of January, April, July and October, all fines, penalties, and other moneys belonging to the treasury of the city or county of Milwaukee, which may come into his hands by virtue of his office as clerk, up to the day of such payment, and that he shall, on the first Mondays of January and July in each year, account for and pay to the treasurer of said city all witnesses' fees which may have come to his hands as such clerk, up to the day of payment and which have not been paid to the persons entitled thereto."

By sec. 2512, R. S. 1878, the city treasurer annually, at the time of paying over the state and county taxes, is required to pay over to the county treasurer all fines and penalties collected in criminal cases.

By ch. 218 of the Laws of 1899 an inferior criminal court was created in Milwaukee county, called the district court, and it was provided by sec. 9 of that act that the clerk of the municipal court should be *ex officio* clerk of such new district court and that he or one of his deputies should perform all the duties of clerk of such court, but should receive no fees. By sec. 13 of the last named act (as amended by ch. 363, Laws of 1901) substantially the same provisions are made as to the clerk's duty to pay over to the city treasurer all fines and penalties, collections, costs, and fees, including witness fees, as are made with regard to the municipal court in sec. 2506, R. S. 1878, above cited, except that uncalled for justice and constable fees are added to the witness fees which are to be turned over semi-annually to the city treasurer. By sec. 14 of the district court act the same provision with regard to payment of fines and penalties by the city treasurer to the county

treasurer is made as in the section governing the same subject in the municipal court act.

Woller resigned June 7, 1907, having fraudulently converted trust moneys in his hands as clerk of both courts, amounting in all, less credits, to $29,774.82.   Of this amount $15,825 was made up of what is called "live" bail moneys, *i. e.* moneys deposited in court instead of bail bonds to insure the appearance of accused persons bound over for trial, and it is conceded that the bond does not cover these sums.   The sums which the court found were covered by the bond are as follows:

### Municipal Court.

| | | |
|---|---:|---:|
| State cases, fines | $1,846 00 | |
| Witness fees | 26 38 | |
| Interpreter's fees | 5 08 | |
| Sheriff's fees | 84 38 | |
| City cases, witness fees | 4 50 | |
| Forfeited bail moneys | 3,500 00 | |
| | | $5,466 34 |

### District Court.

| | | |
|---|---:|---:|
| State cases, fines | $2,370 00 | |
| Witness fees | 421 92 | |
| Interpreter's fees | 9 96 | |
| Sheriff's fees | 109 10 | |
| Justice's fees | 5 51 | |
| Constable's fees | 9 31 | |
| Jurors' fees | 386 86 | |
| $5.00 deposits and reporter's fees | 1,091 65 | |
| City cases, penalties | 3,843 00 | |
| Clerk's fees | 588 15 | |
| Interpreter's fees | 7 64 | |
| | | 8,842 10 |
| | | $14,308 44 |

To these were added certain other items of witness fees in both courts aggregating $923.85, making the entire sum $15,232.29.   From this were deducted certain credits which represented moneys left by Woller in the drawer and at the bank, leaving a balance as found by the court due on the bond of $12,365.52.   Judgment was thereupon rendered against the surety for the penalty of the bond, with interest from the day of demand, and from that judgment this appeal is taken.

For the appellant there were briefs by *Bloodgood, Kemper .& Bloodgood,* attorneys, and *Jackson B. Kemper,* of counsel, and oral argument by *Jackson B. Kemper.*

For the respondent there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

WINSLOW, C. J. The appellant makes two general contentions: (1) that there can be no liability on the bond for any moneys which came into Woller's hands as clerk of the district court, because the bond only covers his acts as clerk of the municipal court; (2) that no moneys other than those due the city of *Milwaukee* can be recovered in any event.

1. The first contention must be overruled. Had Woller held two separate offices, for each of which he was required to give bond, or had he been required by law to give a separate bond to cover his duties as clerk of the district court, doubtless the bond in suit could not be held to cover a breach in the last named duties. *Milwaukee Co. v. Ehlers,* 45 Wis. 281; *People v. Edwards,* 9 Cal. 286; *People v. Gardner,* 55 Cal. 304; *Cooper v. People,* 85 Ill. 417. If, on the other hand, the effect of the provisions in the district court act is simply to impose some additional duties on the clerk of the municipal court, his bondsmen as such last named clerk are liable on his bond for his nonperformance of those duties, because they were a part of the duties of his office as clerk of the municipal court. *Van Valkenbergh v. Paterson,* 47 N. J. Law, 146; *Tieman v. Haw,* 49 Iowa, 312; *State v. Matthews,* 57 Miss. 1; *Clay Co. v. Simonsen,* 1 Dak. 387. It is very clear to us from examination of the district court act that it was not intended thereby to create two offices, but simply to add duties to the office of the clerk of the municipal court. The clause expressly providing that he shall receive no fees for the performance of these new duties and the absence of any requirement of an additional bond or oath of office are very signifi-

cant in this connection, as well as the fact that the new court was in fact a court created to relieve the municipal court of its lesser business, and thus the clerk of the municipal court was simply required to perform a part of his former duties in a separate tribunal and not really to assume any additional duties.

2. In support of the second contention a number of arguments are advanced. It is said in the first place that the bond by its terms is only a bond indemnifying the city of *Milwaukee* from damage; and that as the city is not required to pay over any of the moneys belonging to the county or other persons until its treasurer has received the same, it can have suffered no damage except from the failure to pay over the moneys which belong in the city treasury, namely, the penalties and clerk's fees in city prosecutions in the district court, amounting to $4,431.15.

This argument seems to ignore entirely the very first condition of the bond, which is that Woller "shall well and faithfully *in all things* execute and discharge the duties" of his office "without any fraud, neglect or omission." After this clause follows in the conjunctive the condition to indemnify the city against damage from his acts or neglect. As one of his statutory duties was to pay over to the city treasurer all the moneys with which he is charged by the judgment, whether belonging to the city, the county, or to witnesses, it seems certain that the bond by its terms covers all the clerk's duties and not alone mere indemnity to the city against money loss suffered by it.

But it is urged that the bond is not conditioned as the statute requires and hence is not an official bond but only a voluntary bond. From this premise it is further urged that, even admitting that recovery might be had by the city upon an official bond for sums due to others than the city itself, because such a bond would be helped out by the statute, still a mere

voluntary bond, like the present, can receive no such help and can only protect the city itself from loss.

It is true that the bond in suit differs in verbiage from the bond required by the statute. The bond in suit is conditioned for the due performance of *all the duties* of the clerk, one of which duties is to pay over to the city treasury all sums due to the city, as well as the sums due to the county and to witnesses. The condition of the bond required by the statute is only that he pay to the city treasurer the sums last mentioned. The bond actually given covers all the clerk's duties; the bond required by statute covers but one. The difficulty with the bond given is, therefore, not that it does not cover what the statute requires, but that it covers what the statute requires and more. Does this deprive it of its character as a statutory bond so far as it embodies statutory conditions? In reason and in justice we think not, when there is no claim that the excessive conditions of the bond were inserted under duress. The surplusage will be rejected and the bond sustained as to the statutory conditions which it includes.

This subject is quite fully treated and the authorities supporting the conclusion we now reach are cited in *State v. Purcell,* 31 W. Va. 44, 5 S. E. 301. See, also, to the same effect, 2 Brandt, Suretyship & G. (3d ed.) § 617; Murfree, Official Bonds, § 61.

Being an official and statutory bond to the extent that it includes statutory conditions, the liability so far as such conditions are concerned is to be construed and enforced with the aid and in the light of all the statutory provisions bearing thereon. The statute which made it the clerk's duty to pay over all the moneys in question into the city treasury, regardless of the question of their ultimate disposal, provided that the bond to secure the performance of this duty should be executed and delivered *to the city,* thus expressly constituting the city as the obligee and necessarily the proper party to maintain an

action on the bond for breach of any of its conditions. While the Code requires that actions shall be brought in the name of the real party in interest (sec. 2605, Stats. 1898), the present case is unquestionably brought by the statute within the provisions of sec. 2607, which authorizes the trustee of an express trust or a person expressly authorized by statute to sue without joining with him the person for whose benefit the action is brought. *State v. Wettstein,* 64 Wis. 234, 25 N. W. 34.

Finally it is said that there could be no recovery for forfeited bail money in state cases in the municipal court, because by sec. 4816, Stats. (1898), such moneys are required to be paid into the county treasury. The answer to this proposition is that by ch. 36 of the Laws of 1897, being an act applying specially to the municipal court of Milwaukee county, the clerk of the municipal court is required to pay such forfeited bail moneys to the city treasurer. Sec. 4816, above referred to, first appeared in the Revised Statutes of 1878, and was simply re-enacted without change in the Statutes of 1898. Such re-enactment worked no change in the existing law, but simply continued the situation as it was before. *Glentz v. State,* 38 Wis. 549; *State ex rel. Ohlenforst v. Beck,* 139 Wis. 37, 119 N. W. 300. The Milwaukee municipal court had been excepted from the provisions of sec. 4816 when that section was re-enacted in 1898, and remained excepted notwithstanding the re-enactment.

*By the Court.*—Judgment affirmed.