CITY OF RICE LAKE, Respondent, vs. JENSEN, Defendant:
UNITED STATES FIDELITY & GUARANTY COMPANY,
Appellant.

*May 8—September 11, 1934.*

2

For the appellant there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *Ed. Omernik*.

*Wm. A. Cameron* of Rice Lake, for the respondent.

A brief was also filed by the *Attorney General* and *Herbert H. Naujoks,* assistant attorney general, as *amicus curiæ* on motion for rehearing.

The following opinion was filed June 5, 1934:

WICKHEM, J. The amended complaint alleges that plaintiff is a city of the fourth class, organized under ch. 62 of the Wisconsin Statutes, and that defendant Jensen, during the period from January 1, 1931, to April 21, 1933, was city clerk of plaintiff city. It is further alleged that on April 25,

1922, defendant Jensen, as principal, and defendant Guaranty Company, as surety, executed to plaintiff an official bond in the sum of $1,000, conditioned to be void upon the faithful discharge by Jensen of his duties as clerk; that this bond was thereafter renewed yearly, and that on September 23, 1932, the amount of the bond was increased to $15,000; that on April 15, 1930, the common council voted to dispense with the office of city comptroller, and provided that the duties of that office be performed by the city clerk; that a like resolution was passed on April 21, 1931, and on April 19, 1932; that on January 10, 1928, the common council, acting as the board of public works of said city, and as such having the management of its public utilities, by resolution, ordered that the city clerk be designated cashier of such utilities without additional salary, and that he be required to receive and receipt for all moneys due such utilities, and to pay the same to the city treasurer once each calendar month. There follow allegations of various acts of malfeasance on the part of Jensen. For the purposes of this appeal these may be summarized as follows: Beginning July, 1931, and extending through April, 1933, the defendant Jensen made collection for and on behalf of the utilities and converted portions of these funds to his own use. It is also alleged that in several respects he was guilty of neglect of his duties as comptroller. This is a sufficient statement upon which to base a consideration of the question raised on this appeal.

Appellant contends that the bond of the city clerk of Rice Lake, as executed in 1922, renewed yearly thereafter, and increased in 1932, does not cover defalcations committed by him as cashier of the water and light utilities, which are owned and operated by the city in a proprietary capacity. This contention requires a consideration of several sections of the statutes.

Sec. 62.09 (11) prescribes in some detail the duties of the city clerk. This section imposes no duty to collect city utility

receipts. Sec. 62.09 (7) (b) provides in substance that officers, except the mayor, shall perform such additional duties as shall be required of them by the council. Defendant contends that this section deals with governmental functions and does not authorize the delegation to the city clerk of duties connected with purely proprietary activities of the city. These matters are said to be controlled by sec. 66.06, subs. (10) and (11). The first of these subsections provides that in cities owning a public utility, the council shall provide for a non-partisan management, and shall create a board of three or five or seven commissioners, to take entire charge and management of such utility and supervise the utility under the general control of the council. Sec. 66.06 (10) (d) authorizes provision that departmental expenditures be audited by this non-partisan commission, and paid by the city treasurer upon warrant signed by the president and secretary of the commission, and that the utility receipts be paid to a bonded cashier appointed by the commission, to be turned over to the city treasurer at least once a month. Sec. 66.06 (10) (g) provides, however, that in cities of the third or fourth class the council may provide for the operation of such utilities by the board of public works, in lieu of the commission provided for. Sec. 62.14 (1) provides that the council, by a two-thirds vote, may dispense with the board of public works, and provides that its duties shall be exercised by the council or committee of the council or by such officers or boards as the council may designate. The provisions of this section are claimed by the appellant to be inconsistent with those of ch. 66, and to be impliedly repealed in so far as they are inconsistent, for the reason that ch. 66 is the more recent enactment.

The contention cannot be sustained. The effect of the sections just reviewed is that a municipal utility shall be managed either by a non-partisan commission or by a board of public works, and that the board of public works, as constituted by sec. 62.14 (1), may be dispensed with and its duties

performed by such officers and boards as the council shall designate. Sec. 62.14 (1) provides that "the words 'board of public works' wherever used in this chapter shall include such officers or boards as shall be designated to discharge its duties." While the earlier language of the section might lead to the conclusion that the council may dispense with such board, the section in effect continues the board, however it may be constituted by resolution of the council.

Acting under the authority of secs. 66.06 (10) (g) and 62.14 (1), the council of the city of Rice Lake first constituted itself the board of public works, and then cast upon the defendant city clerk, without extra compensation, the duties of cashier of the utility. The council was authorized under sec. 62.09 (7) (b) to impose additional duties upon the city clerk, and that is precisely what the council did. The only question is whether the additional duties which may be imposed under this section must relate to the governmental rather than the proprietary activities of the city. The section does not expressly impose such a limitation, and we discover no basis upon which one can be implied. It is of course true that if the resolution imposing the duties of cashier upon the clerk constituted an attempt to create a new office for him, the bond as city clerk would not cover the risk, but as stated in *Milwaukee v. United States F. & G. Co.* 144 Wis. 603, 129 N. W. 786: "If, on the other hand, the effect of the provisions . . . is simply to impose some additional duties on the clerk, . . . his bondsmen . . . are liable on his bond for his non-performance of those duties, because they were a part of the duties of his office as clerk. . . ."

Sec. 62.09 (1) (b) provides:

"The council by a two-thirds vote, may dispense with the offices of . . . comptroller . . . and provide that the duties thereof be performed by other officers. . . ."

This section leaves no doubt as to the power of the council to require that the duties of the comptroller be performed by the city clerk.

It is our conclusion that the council could, and did, delegate to the clerk, as a part of his official duties as such clerk, the duties of cashier of the utility and the duties of the office of city comptroller.

Sec. 19.01 (3) reads as follows:

"(3) *Official duties defined.* The official duties referred to in subsections (1) and (2) include performance to the best of his ability by the officer taking the oath or giving the bond of every official act required, and the non-performance of every act forbidden, by law to be performed by him; also, similar performance and non-performance of every act required of or forbidden to him in any other office which he may lawfully hold or exercise by virtue of his incumbency of the office named in his official oath or bond. . . ."

In view of the facts, and the operation of this section, the bond of defendant surety company, which guarantees the faithful discharge of Jensen's duties as city clerk, covers his activities as comptroller and cashier. Since the bond was renewed after the extra duties were imposed upon him by resolution of the council, we are not presented with the question of increase of risk during the term of the bond, and the cases cited by appellant have no materiality. See note 43 A. L. R. 1000.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on September 11, 1934.