Town of Akan, Appellant, v. Kanable and another, Respondents.

*January 7—February 5, 1963.*

616

For the appellant there was a brief and oral argument by *D. V. W. Beckwith,* attorney, and *Richard A. Hollern* of counsel, both of Madison.

For the respondents there was a brief by *John A. Hansen* and *Rieser, Stafford, Rosenbaum & Rieser,* all of Madison, and oral argument by *Mr. Hansen.*

DIETERICH, J. The complaint alleges in substance that: Defendant Leon Kanable was plaintiff's town treasurer from 1953 to 1960. Defendant Travelers Indemnity Company, a Connecticut insurance corporation, was surety for defendant Kanable as town treasurer under certain bonds as prescribed by sec. 70.67 (1), Stats., for the years 1954 through 1960.

Defendant Kanable as town treasurer reported certain personal-property taxes as delinquent in the years 1954 through 1959, which had in fact been paid to the town treasurer. Receipts for these taxes in the total amount of $8,628.60 have never been accounted for.

Defendant Kanable after settlement with the county treasurer collected certain personal-property taxes in the years 1958 through 1960 which in fact had been delinquent. The receipts for those taxes in the total amount of $828.95 have never been accounted for.

All personal-property taxes reported as delinquent were paid to the county treasurer by defendant Kanable as town treasurer of the town of Akan.

On or about September 1, 1960, Kanable's defalcations were discovered for the years 1957 through 1960 and on or about May 9, 1961, the improprieties affecting the 1954 and 1955 tax rolls were discovered.

The town of Akan gave written notice to defendant Travelers Indemnity Company on two occasions: April 11, 1961 (shortages for years 1957–1960), and May 15, 1961 (shortages for years 1954–1955), regarding defendant Kanable's improper conduct as town treasurer and on those same dates demanded from defendant Kanable the moneys not accounted for, or for an explanation of the lawful disposition of such moneys.

Neither payment nor explanation has been offered by either defendant. The plaintiff now demands payment in the amount of $18,915.10, plus interest and costs, as double

damages in accordance with the provisions of secs. 74.25 and 70.67, Stats.

Copies of the bonds issued by the Travelers Indemnity Company on defendant Kanable were attached to the complaint. The pertinent portions are:

> "City, Town or Village Tax-Collection Bond
> "Know All Men By These Presents.
> "That we, Leon Kanable, . . . as principal, and the Travelers Indemnity Company, . . . as surety, are held and firmly bound unto the county treasurer . . . in the penal sum of . . . to which payment, well and truly to be made to the said county treasurer, or his successor in office, we bind ourselves, . . . firmly by these presents.
> "Sealed with our seals, and dated this . . .
> "The condition of this obligation is such, that if the above bounden Leon Kanable, who is treasurer of the town of Akan, . . . shall faithfully perform the duties of his office, and shall account for and pay over according to law all taxes of any kind which shall come into his hands and which he is required to pay to the county treasurer, then this obligation shall be void; otherwise to be and remain in full force. . . .
> "The foregoing bond is herewith approved as to form, amount, execution, and sufficiency of surety, this . . . ."

The plaintiff-appellant contends (1) that sec. 74.25, Stats., when read together with sec. 70.67 (1), gives a town the right to sue on bonds issued pursuant to sec. 70.67 (1); (2) that under the provisions of sec. 74.19 (3) (b), the town of Akan takes the place of the county treasurer as obligee of the bond; and (3) that the complaint states a cause of action against defendant Kanable apart from the cause of action on the bond.

Relevant portions of sec. 70.67, Stats., are:

> "MUNICIPAL TREASURER'S BOND; SUBSTITUTE FOR. (1) The treasurer of each town, . . . shall, unless exempted under sub. (2), execute and deliver to the county treasurer a bond, with sureties, to be approved, in case of a town treasurer, by the chairman of the town, . . . conditioned for the

faithful performance of the duties of his office and that he will account for and pay over according to law all taxes of any kind which shall come into his hands and which he is required to pay to the county treasurer. If such bond is . . . guaranteed by personal sureties, the amount of the bonds shall be double the amount of state and county taxes apportioned to the town, . . . When such bond is . . . guaranteed, solely by a surety company . . . such bond shall be in a sum equal to the amount of such state and county taxes. . . . The county treasurer shall give to said town, . . . a receipt for said bond, and file and safely keep said bond in his office.

"(2) The treasurer of any municipality shall not be required to give such bond if the governing body thereof shall by ordinance obligate such municipality to pay, in case the treasurer thereof shall fail so to do, all taxes of any kind required by law to be paid by such treasurer to the county treasurer. . . . If the governing body of the municipality has adopted an ordinance as specified in this subsection, it may demand from its treasurer, in addition to the official bond required of all municipal treasurers, a fidelity or surety bond in an amount and upon such terms as may be determined by the governing body. Such bond shall run to the town . . . and shall be delivered to the clerk of the municipality. A certified copy of such ordinance filed with the county treasurer shall be accepted by him in lieu of the bond required by sub. (1). . . . The official bond executed pursuant to sec. 19.01, required of municipal treasurers, shall extend to and include the liability incurred by any town . . . whose governing board shall adopt and certify to the county treasurer an ordinance in accordance with this subsection."

The first question is whether the following language of sec. 70.67 (1), Stats., states that the bond is to be executed, as well as delivered to the county treasurer: "The treasurer of each town . . . shall . . . execute and deliver to the county treasurer a bond . . ."

In *Milwaukee v. United States Fidelity & Guaranty Co.* (1911), 144 Wis. 603, 609, 129 N. W. 786, this court interpreted "should be executed and delivered" as follows:

". . . the bond to secure the performance of this duty should be executed and delivered to the city, thus expressly constituting the city as the obligee and necessarily the proper party to maintain an action on the bond for breach of any of its conditions."

The trial court in its memorandum opinion correctly paraphrased that part of sec. 70.67 (1), Stats. (quoted above) to read that the "bond is executed to and delivered to the county treasurer who is specifically named therein as the sole obligee . . ."

Sec. 70.67 (2), Stats., provides an alternate procedure to sub. (1) for effecting security for payment of county and state taxes by the town treasurer to the county treasurer.

Under sub. (2) the town as a corporate body may by ordinance guarantee payment, if the town treasurer failed to make payment of all taxes due the county treasurer. By this alternate method the town has no security from defalcations of its treasurer.

A reading of the whole statute reveals clearly that the bond referred to in sub. (1) is intended to make the county treasurer the sole obligee. The bond is so written.

Sec. 74.25, Stats., entitled "Damages," provides for the recovery of double damages and has no bearing on sec. 70.67. It reads:

"DAMAGES. If any person shall be injured by the false return or fraudulent act of any town, . . . treasurer such person shall recover upon action brought on the bond of such treasurer, of him and his sureties, double damages and costs of suit."

The bond referred to in sec. 74.25, Stats., refers to the town treasurer bond required by sec. 60.48,[1] and not the

[1] Sec. 60.48. "Town TREASURER'S BOND. Every town treasurer shall execute and file an official bond which may be furnished by a surety company as provided by sec. 204.07 in a sum to be fixed at not less than the whole amount of money estimated to come into his hands during his term."

bond required by sec. 70.67 (1). The form of the bond required by sec. 60.48 is set forth in sec. 19.01, to wit:

"(2) *Form of Bond.* Every official bond required of any public officer shall be in substantially the following form:

"We, the undersigned, jointly and severally, undertake and agree that . . . . . . , who has been elected (or appointed) to the office of . . . , will faithfully discharge the duties of his said office according to law, and will pay to the parties entitled to receive the same, such damages, not exceeding in the aggregate . . . dollars, as may be suffered by them in consequence of his failure so to discharge such duties."

In *Maxwell v. Stack* (1945), 246 Wis. 487, 500, 17 N. W. (2d) 603, it is said:

"Ch. 19 of the statutes was created by ch. 93, Laws of 1919, which was a revisor's bill. In a note to sub. (2), which prescribes the form of an official bond, the revisor said:

" 'This form is simple. . . . It names no obligees, but the subscribers undertake to respond to any party damaged by a breach, whether that party shall be the state, a municipality, a board or commission, or a person.' "

Sec. 70.67 (2), Stats., notes that the official treasurer's bond executed pursuant to sec. 19.01 shall extend to any liability incurred by a town which passes an ordinance in accordance with that section. Sub. (2) also authorizes an additional bond to run to a town if such town passes an ordinance obligating the town for its treasurer's defalcations.

Thus, the statutory scheme is clear. If a town guarantees by ordinance the payment of tax moneys by its treasurer to the county treasurer, the town is protected by the town treasurer's official bond and may require an additional bond. If, however, the town does not guarantee such payment, a short-term tax-collector's bond [2] is required naming the county

---

[2] Bond required from receipt of tax roll by the town treasurer on or before the third Monday in December (sec. 70.68 (2)), until

treasurer as obligee which guarantees payment to the county treasurer. The statute provides two procedures by which the county treasurer is assured of receiving all tax moneys due for state and county taxes from a town treasurer. No method is specified in sec. 70.67, Stats., to provide for the protection of the town against the illegal taking of money by its town treasurer.

Sec. 74.19 (3) (b), Stats., provides:

"Any town, city, or village may retain for collection the delinquent personal-property taxes by including the same as fully paid in arriving at the proportions to be paid as provided in sec. 74.03 (5). All laws applicable to the collection of personal-property taxes prior to the return of the tax roll to the county treasurer shall apply to the collection of the delinquent personal-property taxes retained."

The above-quoted statute merely provides a town the same means to collect delinquent taxes after the return of the tax roll that it had prior to the return of the tax roll. Under this section there is no assignment of right from the county treasurer to a town for the amount of the delinquent taxes as the county treasurer received payment in full and has nothing to assign.

With respect to the cause of action against defendant, the Travelers Indemnity Company, based on bonds issued pursuant to sec. 70.67 (1), Stats., we agree with the following statement of the trial court contained in its memorandum decision:

"The above-stated requirements of the statute, viz., (1) the execution of the bond to the county treasurer as sole obligee, (2) the delivery of the bond to the county treasurer, (3) the filing and keeping of the bond in his office, (4) the

settlement with the county treasurer on or about March 15th (sec. 74.03 (5)). Thereafter the bonds are discharged by the county treasurer (sec. 74.21) unless the town treasurer makes a false return (sec. 74.22).

method of determining the specific monetary limits of the bond, and (5) the substitution of the local municipality itself as surety as the only alternative to the filing of the bond, all convince the court that the plaintiff township is neither an express nor implied beneficiary under the bond and that the sole purpose of the bond is to protect and insure the receipt by the county treasurer of state and county tax moneys collected by the defendant Kanable."

The final contention by plaintiff town of Akan is that, even though the demurrer is sustained with respect to defendant Travelers Indemnity Company, the demurrer of the defendant Kanable should be dismissed.

The trial court, as did the plaintiff town of Akan, apparently considered that this is an action on the bond of the town treasurer of the town of Akan given pursuant to the provisions of sec. 70.67 (1), Stats.

The complaint states clearly that it "demands judgment against defendants Kanable and the Travelers Indemnity Company." The acts of Kanable which gave rise to this action are clearly set forth in the complaint and under our liberal rules of pleading the complaint does state facts sufficient to constitute a cause of action against Kanable.

*By the Court.*—That part of the order sustaining the demurrer by defendant Travelers Indemnity Company is affirmed; that part of the order which sustains the demurrer by defendant Kanable is reversed.