WALTER F. MCCANNA, Deputy Secretary, Department of Revenue
You have requested my opinion as to the disposition of bail forfeited under the terms of sec. 969.13 (4), Stats. That subsection directs that the proceeds of the judgment of forfeiture shall be paid to the county treasurer.
Your questions are:
"1. Does he [i.e., the county treasurer] pay the entire amount to the state treasurer since the statute states it is the result of a `judgement for the state'? *Page 248 
"2. Does he retain the entire amount for the county as indicated in 41 O.A.G. 166 which pertained to Section 354.42, Statutes, as it then existed?
"3. Does he retain 10% of the amount for the county and remit the balance to the state treasurer in accordance with Section59.20 (8), Statutes on the premise that is a penalty within the meaning of that section?"
As to your first question, whether payment must be made to the state because judgment is entered for the state, the answer is no. The supreme court has specifically held that the money recovered on a forfeited recognizance belongs to the county even though the action is brought in the name of the state. The Statev. Wettstein and others (1885), 64 Wis. 234, 243, 25 N.W. 34.
As to your second question, whether the county treasurer retains the entire amount, the answer is yes. In The State exrel. Guenther, State Treasurer v. Miles, County Treasurer (1881),52 Wis. 488, 491, 9 N.W. 403, the court said:
"The statute provides that moneys collected on forfeited recognizances in criminal cases shall be paid into the county treasury. We are aware of no constitutional or statutory provision which requires the county treasurer to pay it over to the state treasurer. We conclude, therefore, that moneys collected from this source belong to the county."
The court expressly followed this holding in Wettstein, supra. Furthermore, this office has consistently opined that such moneys belong to the county. 1 OAG 190 (1913), 8 OAG 26 (1919), 10 OAG 314 (1921), and 41 OAG 166 (1952). Although the Miles reasoning may be subject to criticism for failing to treat a bail forfeiture as a "forfeiture" within the meaning of Art. X, sec.2, Wis. Const., its holding is clear and therefore binding. SeeState v. Yancey (1966), 32 Wis.2d 104, 109, 145 N.W.2d 145. The holding has acquired additional weight in light of the court's own subsequent affirmance in Wettstein, supra, and the opinions issued by this office over the years. See State ex rel. WestAllis v. Dieringer (1957), 275 Wis. 208, 219, 81 N.W. 533.
Your third question is whether sec. 59.20 (8), Stats., requires the county treasurer to retain only 10 percent of the forfeiture on the *Page 249 
premise that a forfeiture is a penalty within the meaning of that subsection. It is my opinion that the answer is no and that a forfeiture is not a penalty within the meaning of sec. 59.20 (8), Stats.
Section 59.20 (8), Stats., provides that the county treasurer shall:
"Retain 10% for fees in receiving and paying into the state treasury all moneys recieved [received] by him for the state for fines and penalties, except that 50% of the state forfeitures, fines and penalties under chs. 341 to 349 shall be retained as fees * * *"
Miles held that a recognizance forfeiture is not a penalty within the meaning of sec. 715, subd. 5 R.S. 1878. This statutory construction is binding until reversed by the legislature. Stateex rel. Klinger Schilling v. Baird (1972) 56 Wis.2d 460, 467-468,202 N.W.2d 31. Miles also held that a recognizance forfeiture is not a fine within the statutory sense. See State exrel. Comrs. of Pub. Lands v. Anderson (1973), 56 Wis.2d 666,670, 203 N.W.2d 84.
Moreover, a construction of sec. 59.20 (8) that "fines" or "penalties" includes "forfeitures" would violate two canons of statutory construction. First, statutes are to be construed so as to avoid an interpretation that would convict the legislature of surplusage. See Associated Hospital Service v. Milwaukee (1961),13 Wis.2d 447, 463, 109 N.W.2d 271. If "fines" included "forfeitures" within the 10 percent formula of sec. 59.20 (8), it would have been surplusage to use the words "forfeitures" and "fines" within the 50 percent formula of that subsection.
Second, terms in a statute are deemed to be given the same meaning throughout. See 82 C.J.S. Statutes § 348. Since "penalties" and "fines" refer to items other than "forfeitures" with respect to the 50 percent formula within sec. 59.20 (8), "penalties" and "fines" must refer to items other than "forfeitures" with respect to the 10 percent formula. *Page 250 
Therefore, in my opinion the entire amount of a forfeiture recovered under sec. 969.13 (4) is to be retained by the county treasurer.
RWW:CDH