JAMES MOHR, District Attorney Vilas County
Prior to the recent expiration of his term, your predecessor, Timothy Vocke, had asked whether a cash bond which has been declared forfeited, as authorized by sec. 969.13, Stats., may be used to pay restitution to the victim of the crime with which the forfeiting defendant was charged. My opinion is that a forfeited cash bond may not be used for that purpose.
A court's order declaring the bail to be forfeited may be set aside if justice does not appear to require its enforcement. Sec.969.13 (2), Stats. Prior to the time that judgment for the amount of the bail and costs of the court proceeding is entered and the proceeds of the judgment are paid to the county treasurer, sec.969.13 (4), Stats., the cash bond is still subject to being returned to the defendant. State v. Brown, 149 Wis. 572, 574,136 N.W. 174 (1912); sec. 969.13 (2), Stats.
The forfeiture statute directs that the proceeds of the judgment should be utilized first to pay costs and that any remaining amount should be applied to payment of the forfeiture judgment. Sec. 969.13 (5), Stats. It was suggested that restitution might be regarded as a "cost."
In the context of forfeitures, the term "costs" is understood to refer to court costs involved in processing the judgment of forfeiture. Sec. 969.13 (4), Stats.; State ex rel. Commissionersof Public Lands v. Anderson, 56 Wis.2d 666, 672, 203 N.W.2d 84
(1973). Although *Page 72 
the loss suffered by a victim of crime is a cost of the activity which underlies the criminal charge and the payment of a cash bond, it is not a cost connected with the forfeiture of the bond.
The statutes provide that proceeds of the judgment of forfeiture "shall be paid to the county treasurer." Sec. 969.13
(4), Stats. Forfeited cash bonds are to be retained by the county for county use. State ex rel. Guenther v. Miles, 52 Wis. 488,491, 9 N.W. 403 (1881); State v. Wettstein, 64 Wis. 234, 243,25 N.W. 34 (1885); 8 Op. Att'y Gen. 26, 27 (1919); 41 Op. Att'y Gen. 166, 167 (1952); 58 Op. Att'y Gen. 142 (1969); 62 Op. Att'y Gen. 247, 248 (1973).
A defendant's forfeiture of a cash bond is unrelated to his or her liability on the underlying charge. It does not amount to paying a fine upon conviction.
 The forfeiting of bail does not in any way atone for or dispose of the criminal charge against a defendant and, therefore, he may be brought into court and subsequently tried on the criminal charge and if found guilty as charged, may be fined, said fine having no connection with the amount already forfeited on the bail bond.
41 Op. Att'y Gen. 166, 168 (1952); see also Guenther,52 Wis. 488; 58 Op. Att'y Gen. 142 (1969); 62 Op. Att'y Gen. 247 (1973). Cf. sec. 194.175 (2), Stats., dealing with certain traffic offenses regarding which findings of guilt in absentia are permissible.
I am aware of a program such as that which you propose having been utilized in only one other jurisdiction. There the statutes specifically directed that the alleged victim should receive the amount forfeited. See Commonwealth v. Jakub, 182 Pa. Super. 418,128 A.2d 98, 100 (1956); Commonwealth v. Friedman,121 Pa. Super. 591, 184 A. 672 (1936); 8 C.J.S. Bail sec. 109. The Wisconsin Legislature has not demonstrated an intent that bail bond deposits be passed on to crime victims under any circumstances.
BCL:KK *Page 73