STATE of Wisconsin, Plaintiff-Respondent,

v.

Todd Robert SMITH, Defendant-Appellant.†

Court of Appeals

*No. 80–1570–CR. Submitted on briefs May 1, 1981.—
Decided June 9, 1981.*
(Also reported in 309 N.W.2d 7.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *John E. Tradewell*, assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

Before Foley, P.J., Dean, J., and Moser, J.

MOSER, J. This court granted Todd Smith's petition for leave to appeal after the trial court denied his written objection to Judge Vocke's assignment to the trial of the case. At the initial appearance, Smith requested a substitution for Judge Vocke's assignment to the preliminary hearing, pursuant to sec. 971.20(3), Stats. After the preliminary hearing, Smith was bound over for trial and Judge Vocke was assigned to hear the trial of the case. Smith objected, contending that a judge could not be assigned to a case once a request for substitution had been filed against him. The trial court concluded that the proceedings that followed the arraignment constituted a new action, and that a judge substituted out in proceedings prior to the arraignment could be assigned to proceedings following arraignment. Because we conclude that a request for substitution of a judge prohibits that judge from being assigned to the case at a later stage, we reverse.

The legislature has established a procedure whereby a criminal defendant is allowed to substitute a judge without being required to prove that the judge is prejudiced.[1] The purposes behind the statute are to provide

---

[1] Section 971.20, Stats., provides in part:

SUBSTITUTION OF JUDGE. (1) The defendant or the defendant's attorney may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. The request shall be signed by the defendant or the defendant's attorney personally and shall be made before making any motion or before arraignment. If a new judge is assigned to the trial of a case, a request for substitution must be

the defendant with a fair trial and to ensure the orderly administration of justice. Every person charged with a crime is entitled to a fair trial, which concept includes the right to be tried by a fair and impartial judge. In order to ensure the orderly administration of justice, however, reasonable time limitations had to be set within which a defendant could assert his right to a different judge.[2] Through sec. 971.20, the legislature balanced

made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action.

(2) Upon the filing of the request in proper form and within the proper time the judge named in the request has no authority to act further in the case except to conduct the initial appearance, accept pleas of not guilty, and set bail. Except as provided in subs. (7) and (8), no more than one judge may be substituted in any action.

(3) In addition to the procedure under sub. (1), a request for the substitution of a judge may also be made by the defendant at the preliminary examination except that the request must be filed at the initial appearance or at least 5 days before the preliminary examination unless the court otherwise permits.

. . . .

(7) If the judge who heard the preliminary examination is the same judge who is assigned to the trial of that case, the defendant or the defendant's attorney may file a request under sub. (1) within 7 days after the preliminary examination or at the time of the arraignment, whichever occurs first, and still retain the right for one additional request under sub. (1).

(8) If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order in a manner such that further proceedings in the trial court are necessary, the defendant or the defendant's attorney may file a request under sub. (1) within 20 days after the entry of the judgment or decision of the appellate court whether or not another request was filed prior to the time the appeal or writ of error was taken.

[2] *State v. Bell*, 62 Wis.2d 534, 537, 215 N.W.2d 535, 538 (1974).

these two considerations by: (1) eliminating any necessity for the defendant to actually prove prejudice, by allowing the defendant a substituted judge without stating any reason; and (2) requiring the request to be made within statutorily prescribed time limits.[3]

In construing statutes, this court must follow the basic rules of statutory construction. Effect should be given to each word, clause and sentence in a statute; and a construction that would render any portion of a statute being superfluous should be avoided whenever possible.[4] In addition, the purpose of statutory construction is to ascertain the intent of the legislature and to give effect to that intent.[5]

Once a request for substitution has been filed, a judge may not act again in the case except to conduct the initial appearance, accept pleas of not guilty, and set bail.[6] The state argues that because this prohibition follows sec. 971.20(1), it applies only to a request for substitution of the judge assigned to the trial, and not to a sec. 971.20(3) request for substitution of the judge assigned to the preliminary examination. Such a reading, however, would make superfluous the provision allowing a substituted judge to conduct the initial appearance.

If a request for substitution of a judge is filed at the initial appearance, it can only be a request to have a different judge assigned to the preliminary hearing, since the judge for trial is not assigned until the defendant has been bound over.[7] The provision allowing

---

[3] Id.

[4] County of Columbia v. Bylewski, 94 Wis.2d 153, 164, 288 N.W. 2d 129, 135 (1980).

[5] Id.

[6] Section 971.20(2), Stats.

[7] Section 971.20(3), Stats.

a substituted judge to conduct an initial appearance can only affect a judge against whom a request for substitution was filed at the initial appearance. We therefore conclude that the prohibition in sec. 971.20(2) applies to the whole statute and not just to sec. 971.20(1).

Since a substituted judge is prohibited from acting in the case again except to conduct the initial appearance, accept pleas of not guilty, and set bail, the assignment of Judge Vocke to the trial of the case was improper. Under the general rule of statutory construction, *expressio unius est exclusio alterius,* the express mention of one matter excludes other similar matters not mentioned.[8] Since the statute specifically excepts certain proceedings from its prohibition that a judge not act again in the case, all proceedings not excepted are included in the prohibition. The trial is not excepted and, therefore, a judge substituted for the preliminary hearing is prohibited from conducting the trial.

The state also argues that proceedings before and after the arraignment are to be viewed as separate actions. Although each stage of the criminal process should be viewed as separate and distinct,[9] the sec. 971.20(2) prohibition applies to the whole case. Therefore, a judge substituted in one stage is not allowed to act again in the case.

The state argues that because sec. 971.20(2) does not allow more than one judge to be substituted in any action, except as provided for in subs. (7) and (8), Judge Vocke should not be prevented from conducting the trial unless the defendant files a request for substitution pur-

[8] *Teamsters Union Local 695 v. County of Waukesha,* 57 Wis.2d 62, 67 n. 6, 203 N.W.2d 707, 710 n. 6 (1973).

[9] *State ex rel. Warrington v. Circuit Court for Shawano County,* 100 Wis.2d 726, 733, 303 N.W.2d 590, 593 (1981).

suant to sec. 971.20(1). If Judge Vocke is automatically precluded from conducting the trial and defendant is allowed to file another substitution request pursuant to sec. 971.20(1), the state argues that more than one judge will have been substituted for the trial. Such an interpretation would make superfluous the preceding sentence prohibiting a substituted judge to act again in the case. Therefore, we conclude that this language means that no more than one previously unsubstituted judge may be substituted at any one stage in the proceeding.

We conclude that an interpretation allowing a judge substituted at one stage to be assigned to another stage of the case would contravene the legislative intent behind the statute. The statute was intended to ensure that the defendant receive a fair trial and to provide an orderly process for the substitution of a judge. If a judge substituted out of a case may be assigned at a later more crucial stage of the process, the defendant is required to exhaust his remaining right of substitution to remove the same judge from the same case twice. This result would neither ensure a fair trial nor would it be efficient judicially.

Furthermore, the state's interpretation could result in a situation in which the defendant, having exhausted his statutory remedies by substituting one judge at the preliminary hearing and another judge at the trial, could be tried with the first substituted judge presiding. To require the defendant to be tried by a judge against whom he had earlier filed a substitution request or to waste, in effect, his sec. 971.20(1) request by using it to substitute an already substituted judge, would be to allow the state to do indirectly what the statute prohibits it from doing directly. We therefore conclude that once a judge has been substituted in a case, he

cannot act again in the matter, except for the limited circumstances set forth in sec. 971.20 (2).

*By the Court.*—Order reversed.