Thomas J. and Linda M. MOWERS; Richard A. and Joanne C. Johnson; Sharon Y. Doepke; Chester Zielski; Brad L. and Paula M. Irelan; Allen E. and Monica D. Jaeger; Earl J. and Isabel Murname; Gene R. and Gisela M. Ikeler; John S. and Margaret Szep; and Josephine Contorno, Plaintiffs-Appellants,†

v.

CITY OF ST. FRANCIS, a Wisconsin municipal corporation; James McManus; Audrey Szymkowski; John Kroll; and Ralph J. Voltner, Jr., Defendants-Respondents.

Court of Appeals

No. 81–2108. *Submitted on briefs June 16, 1982.—
Decided July 23, 1982.*
(Also reported in 323 N.W.2d 157.)

† Petition to review denied. BEILFUSS, C.J., took no part.

For the plaintiffs-appellants the cause was submitted on the brief of *Alan Marcuvitz* and *Donald V. Kozlovsky* of *Peregrine, Marcuvitz & Peltin, S.C.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *James P. Burns, James P. O'Neill* and *Harwood A. Staats,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Randa, J.

RANDA, J.   Appellants brought suit seeking declaratory relief as to the validity of City of St. Francis Ordinance No. 464.  The trial court granted respondents' motion for summary judgment and dismissed the complaint on the grounds that Ordinance 464 was constitutional and that respondents were not estopped from denying its validity.  We affirm.

Two issues are raised on appeal:

1.  Whether the respondents are estopped to deny the alleged invalidity of Ordinance 464.
2.  Whether Ordinance 464 is unconstitutional in that it exceeds the authority to levy special assessments granted to the City of St. Francis by Chapter 66 of the Wisconsin Statutes.

## ESTOPPEL

Appellants filed a notice of appeal with the circuit court challenging the validity of special assessments levied by the City of St. Francis pursuant to Resolution No. 1322 adopted pursuant to Ordinance No. 464.  Resolution No. 1322 authorized the making of certain public improvements on East Elizabeth Avenue and levied special assessments against appellants' abutting properties.

On May 6, 1980, the Common Council of the City of St. Francis adopted Resolution No. 1357, vacating Resolution No. 1322. The appellants' appeal was therefore rendered moot and an order dismissing the appeal was entered on May 21, 1980.

The City of St. Francis subsequently adopted Resolution No. 1387 on November 4, 1980, whereby special assessments were levied against appellants' properties on East Elizabeth Avenue. Resolution No. 1387 was adopted pursuant to Ordinance No. 464.

Appellants contend that the actions taken by the respondents in vacating Resolution No. 1322 was equivalent to conceding the invalidity of Ordinance No. 464. Therefore, the respondents should now be equitably estopped from denying the invalidity of the ordinance.

Equitable estoppel is applicable as a defense where three elements are present: "(1) *Action or nonaction* which induces (2) *reliance* by another (3) to his *detriment.*" *Gabriel v. Gabriel,* 57 Wis. 2d 424, 429, 204 N.W.2d 494, 497 (1973) (emphasis in original). The party who asserts estoppel must prove the elements by clear, satisfactory and convincing evidence. *Id.* at 428, 204 N.W.2d at 497.

Findings of fact are within the province of the trial court and will not be overturned on appeal unless contrary to the great weight and clear preponderance of the evidence. *Cogswell v. Robertshaw Controls Co.,* 87 Wis. 2d 243, 249, 274 N.W.2d 647, 650 (1979). However, "[w]hether the facts proven are sufficient to constitute an estoppel is a question of law properly before this court for review." *J.H. Cohn & Co. v. American Appraisal Associates,* 628 F.2d 994, 1000 n 7 (7th Cir. 1980). *See,*

*e.g., Bank of Sun Prairie v. Opstein*, 86 Wis. 2d 669, 273 N.W.2d 279 (1979).

Here, the facts show that the Common Council's action in vacating Resolution No. 1322 was exactly the remedy appellants sought. The dismissal of their appeal challenging the validity of Resolution No. 1322 was not action taken to the appellants' detriment. Accordingly, the elements of equitable estoppel have not been met.

## CONSTITUTIONALITY OF ORDINANCE NO. 464

Appellants contend that Ordinance No. 464,[1] enacted pursuant to sec. 66.62, Stats., is unconstitutional because it exceeds the authority to levy special assessments

---

[1] Ordinance No. 464 provides in part:

AN ORDINANCE PROVIDING FOR
LEVYING SPECIAL ASSESSMENTS
UNDER SECTION 66.62 OF THE
WISCONSIN STATUTES

Whereas, the Common Council of the City of St. Francis has been levying special assessments against property pursuant to Section 66.60, Wisconsin Statutes, and

Whereas, Section 66.62 of the Wisconsin Statutes provides for an additional method for levying special assessments against property affected thereby;

The Common Council of the City of St. Francis do ordain as follows:

Section 464.01. *AUTHORITY*. This ordinance is enacted pursuant to Section 66.62 of the Wisconsin Statutes.

Section 464.02. *LEVY OF ASSESSMENTS*. The cost of installing or constructing any public work or assessment shall be charged in whole or in part to the property benefited thereby, and to make an assessment against such property in such manner as the Common Council determines. Such special assessment shall be a lien against the property from the date of the levy.

granted by Chapter 66 of the Wisconsin Statutes.[2] We disagree.

Two statutes authorize a municipality to levy special assessments. Section 66.60(1)(a), Stats., authorizes a municipality to: "levy and collect special assessments upon property in a limited and determinable area for special benefits conferred upon such property by any municipal work or improvement . . . ." The bases upon which assessments may be made are stated in sec. 66.60 (1)(b), which provides:

The amount assessed against any property for any work or improvement which does not represent an exercise of the police power shall not exceed the value of the benefits accruing to the property therefrom, and for those representing an exercise of the police power, the assessment shall be upon a reasonable basis as determined by the governing body of the city, town or village.

The other section in chapter 66 which grants authority to a municipality to levy special assessments is sec. 66.62 (1), Stats., which provides:

In addition to other methods provided by law, the common council of any city of the second, third or fourth class, or the village board of any village, may by ordinance provide that the cost of installing or constructing any public work or improvement shall be charged in whole or in part to the *property benefited* thereby, and to make an assessment against such property *in such manner* as such council or village board determines. Such special assessment shall be a lien against the property from the date of the levy. [Emphasis added.]

---

[2] The parties filed a joint motion to supplement the record with two letters concerning notification given to the Attorney General that the constitutionality of sec. 66.62, Stats., was being challenged. The letter from the Attorney General indicated his intent not to participate in the litigation of this issue. These letters were not filed with the trial court. The motion is denied.

Our legislature has made it clear that there are two powers for levying special assessments in Wisconsin: the police power and the taxing power. Ordinance No. 464 was adopted by the respondents pursuant to sec. 66.62, Stats. The appellants contend that no Wisconsin municipality may adopt an ordinance pursuant to sec. 66.62 which would include provisions permitting the use of the police power to levy special assessments. Appellants argue that the reference in sec. 66.62, Stats., to the word "benefited" precludes the use of the police power upon which to base a special assessment.

The issue of whether Ordinance No. 464, enacted pursuant to sec. 66.62, Stats., is unconstitutional because it exceeds the authority to levy special assessments granted by chapter 66 requires statutory interpretation of sec. 66.62. The standard of review is as follows:

Statutory construction involves a question of law, and on such questions this court is not required to give any special weight to the conclusions of the trial court. However, [i]n the absence of ambiguity in a statute, resort to judicial rules of interpretation and construction is not permitted, and the words of the statute must be given their obvious and ordinary meaning. When the statutory language is clear and unambiguous no judicial rules of construction are permitted, and the court must arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. *Hucko v. Joseph Schlitz Brewing Co.*, 100 Wis. 2d 372, 376, 302 N.W.2d 68, 71 (Ct. App. 1981) (citations omitted).

We conclude that the language of sec. 66.62, Stats., is clear and unambiguous. The use of the word "benefited" in sec. 66.62 does not preclude the use of the police power as a basis for levying a special assessment. *See Fort Howard Paper Co. v. Fox River Heights Sanitary District*, 250 Wis. 145, 152, 156, 26 N.W.2d 661, 664–65, 666 (1947) (where a statute requiring that the town board

find that "the property to be included in the district will be *benefited* by the establishment thereof" before declaring a town sanitary district organized was held by our supreme court to be an exercise of the police power [emphasis added]). Furthermore, appellants have overlooked the subsequent phrase in sec. 66.62 which allows the city to make an assessment against the property in such manner as the council determines. Accordingly, we hold that the City of St. Francis has the power under sec. 66.62 to create an ordinance permitting the use of the police power as the basis for special assessments.

Because we determine there is no merit in the appellants' estoppel or unconstitutionality arguments, there is no basis for liability under 42 U.S.C. sec. 1983.

*By the Court.*—Order affirmed.