LARRY L. WHITE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14277

October 19, 1983 · 670 P.2d 576

*Thomas E. Perkins,* State Public Defender, and *Powell and Lambrose,* Special Deputy Public Defenders, Carson City, and *Norman Y. Herring,* Special Deputy Public Defender, Incline Village, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills B. Lane,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to plea negotiations, appellant Larry White entered a plea of nolo contendere to attempted robbery. White later petitioned the district court for post-conviction relief. The state opposed White's petition by filing a motion to dismiss. The motion to dismiss alleged that White's claims were waived "except the claim that the plea was involuntarily entered." The district court granted the state's motion, dismissed the petition, and this appeal followed.

White contends that his nolo contendere plea must be set aside because the record does not affirmatively show it was knowingly and voluntarily entered. Specifically, White argues that the record does not affirmatively show that he understood: (1) the consequences of the plea, including the range of possible punishments; and (2) the elements of the crime of attempted robbery. The state argues that White's specific contentions were not raised in the petition below, and that the contentions cannot be raised on appeal. The petition was vague, at best, as to the specific contentions raised.[1] Nevertheless, White's challenge to the plea raises constitutional questions which this court has the power to address even if raised for the first time on appeal. Dias v. State, 95 Nev. 710, 601 P.2d 706 (1979). As discussed later in this opinion, the record reveals that the plea canvass was clearly inadequate. We have therefore decided to consider White's contentions.

At the time of the plea the court did not canvass White to determine whether he understood the range of possible punishments that could flow from his plea of nolo contendere, and the

---

[1] The petition was not filed by present appellate counsel.

record is utterly devoid of any indication that appellant understood the consequences of his plea.[2] Further, the district court did not inform White of the elements of the crime of attempted robbery, and White made no factual statements which would constitute an admission to the crime. The district court merely asked White if he understood the nature of the charge against him. Therefore, the record does not affirmatively show the plea was knowingly and voluntarily entered, and consequently, the plea must be set aside. *See* Standen v. State, 99 Nev. 76, 657 P.2d 1159 (1983); Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); *see also* NRS 174.035(1).

We reverse the order of the district court. White's plea of nolo contendere is set aside, and the matter is remanded to the district court for further proceedings.

---

[2]Although White indicated his attorney advised him of the consequences of his plea, there is no affirmative showing in the present record as to what, if anything, was explained to White, or what, if anything, White understood. *Cf.* Ball v. Warden, 99 Nev. 400, 663 P.2d 698 (1983) (defendant's guilty plea upheld where prosecutor's explanation to defendant of the elements of the crime appeared on the record).