Merrimack
No. 89-454

THE STATE OF NEW HAMPSHIRE

v.

MATTHEW SCHACHTER,
SUGAR RIVER SAVINGS BANK, INTERVENOR

July 23, 1990

*John P. Arnold*, attorney general (*David S. Peck*, senior assistant attorney general, on the brief and orally), for the State.

*Clark, Cook & Molan P.A.*, of Concord (*Thomas F. Hersey* on the brief and orally), for Sugar River Savings Bank.

PER CURIAM. In this prosecution for theft and fraud, the appellant intervenor, Sugar River Savings Bank (Sugar River), appeals from decisions of the Superior Court (*Dunn, J.*) denying its motions to intervene and to recover as restitution bail forfeited by the defendant. We affirm.

In February of 1984, Sugar River instituted a civil action against the defendant, Matthew Schachter, apparently alleging that his fraudulent check-writing scheme had caused it to suffer $76,376.42 in damages. Later that year the defendant was indicted for having ob-

tained money by deception from four banks other than Sugar River, RSA 637:4, and for having issued bad checks drawn on his Sugar River bank account, RSA 638:4, but none of the indictments alleged that Sugar River had been affected adversely by the defendant's activities.

The defendant was arraigned in October of 1987 and bail was set at $55,000, with an order by the Superior Court (*DiClerico*, J.) that "[i]f bail is forfeited, it shall be applied towards any restitution due." Having posted bail, the defendant apparently fled the jurisdiction and failed to appear in the civil action that had been brought by Sugar River. In October 1988, the Superior Court (*Manias*, J.) awarded Sugar River a default judgment of $76,376.42 in its civil action. *Sugar River Savings Bank v. Matthew W. Schachter*, Merrimack No. 84-C-100 (October 26, 1988).

Apparently otherwise unable to recover against the defendant, Sugar River filed a petition in its civil action for a writ of execution against the $55,000 bail, which the Superior Court (*Manias*, J.) granted "with right of execution upon forfeiture of bail." On July 24, 1989, citing its writ, Sugar River filed motions for intervention and bail forfeiture in the defendant's criminal prosecution, both of which the Superior Court (*Dunn*, J.) denied, ordering that "bail goes to the State."

■ On appeal from the denial of its motions, Sugar River claims that it would have been entitled to restitution from the defendant as a victim of his criminal conduct had he been convicted, RSA 651:63; that, therefore, pursuant to RSA 597:38, the superior court was authorized to award Sugar River the defendant's forfeited bail as restitution; and that the superior court abused its discretion in refusing to do so. Before addressing Sugar River's claim, however, we must first dispose of the State's contention that, as Sugar River failed to cite RSA 597:38 in its intervention and bail forfeiture motions, and as its claim for restitution rests entirely on that provision, it failed to preserve its claim for appeal. The State's argument is without merit since Sugar River raised in the superior court its general theory of recovery (payment for restitution from the defendant's forfeited bail), and it will not lose its right to appeal on that theory simply because it cited for the first time on appeal a statute that it believed to be favorable to its position. The cases cited by the State are consistent with this principle. *See, e.g., Miller v. Basbas*, 131 N.H. 332, 337–38, 553 A.2d 299, 302 (1988).

Turning to Sugar River's claim, we hold that, because Sugar River predicates its appeal entirely on RSA 597:38, and because that provision does not authorize a court to award restitution from forfeited bail, Sugar River has failed to persuade us that the superior court erred in denying its motions. Having thus decided this appeal solely on the basis of RSA 597:38, we do not rule out the possibility that a source other than RSA 597:38 provides authority for such judicial awards, nor do we reach the issue of whether or not Sugar River would have been entitled to restitution under RSA 651:63 had the defendant been convicted.

■ RSA 597:38, entitled "Forfeitures of Recognizance," reads as follows:

"If a recognizance is forfeited and paid in any case in which, if the recognizer had been convicted, any sum might have been due and payable to the complainant or to any other person, the superior court may ascertain the amount and may order it to be paid from the State treasury."

Sugar River contends that the phrase "any sum [that] might have been due and payable to the complainant" refers, *inter alia*, to restitution for the victims of a recognizor's alleged criminal acts. Although this phrase is on its face ambiguous, and, if scrutinized no further, is thus susceptible of this construction, its legislative history, *see Petition of Public Serv. Co. of N.H.*, 130 N.H. 265, 282, 539 A.2d 263, 273 (1988), reveals that it was not intended to provide authority for judicial awards of restitution from forfeited bail.

RSA 597:38 originated, in somewhat altered form, over a century ago as RS 211:16, part of a statutory scheme entitled, "Of Fines, Forfeitures, Costs and Recognizances." RS 211:16 (1842). Sections 14 through 16 of RS chapter 211 provided procedures by which the State was to compensate individuals who aided in the prosecution of criminal defendants. Section 14 obligated the defendant to help in paying the "costs of prosecution" in the event he was "ordered to pay a fine, enter into a recognizance or suffer any penalty," RS 211:14, while section 15 obligated a court to compensate "any persons" who performed services for the State "in bringing to justice an offender charged with a crime," RS 211:15. Section 16, like RSA 597:38, allowed a court to "ascertain the just sums and costs that might be due [any person]" and pay such sums from the county treasury in the event a defendant forfeited his bail. Thus, the reference in RS 211:16 to "just sums and costs that might be due" was clearly to payments required by its two preceding sections, which themselves did not au-

thorize payments for restitution. Furthermore, RS 211:16 apparently did not authorize a court to draw any payments from forfeited bail; bail forfeiture was merely a condition that, once satisfied, allowed a court to compensate appropriate individuals as it saw fit from the county treasury. RS 211:16.

From 1867 to 1955, sections 14 through 16 of RS chapter 211 were recodified, in slightly altered form, as an independent chapter entitled "Rewards and Compensation to Prosecutors," GS ch. 245 (1867); PS ch. 261 (1901); PL ch. 375 (1926); RL ch. 435 (1942), thus further emphasizing the legislature's understanding of the limited nature of the sums to be paid pursuant to the precursors of RSA 597:38. In 1955, with the birth of the New Hampshire Revised Statutes Annotated, the latest version of RS 211:16, RSA 597:38, was separated for the first time in its legislative history from the two sections it had always followed, which themselves were recodified as RSA 610:1 and RSA 610:2. By thus isolating RSA 597:38 from its two related provisions, this most recent recodification created the seeming ambiguity of RSA 597:38, but was not in fact intended to alter its original purpose, *see Preface,* NEW HAMPSHIRE REVISED STATUTES ANNOTATED, Titles 57–61, at v (1986), and did not broaden its scope to include payments for restitution from forfeited bail.

*Affirmed.*

HORTON, J., did not sit.