STATE of Wisconsin, Plaintiff-Respondent,

v.

Brian CETNAROWSKI, Defendant-Appellant.

Court of Appeals

*No. 91-1091. Submitted on briefs October 1, 1991.—Decided January 7, 1992.*

(Also reported in 480 N.W.2d 790.)

701

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William J. Tyroler,* assistant state public defender, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. Brian Cetnarowski (Brian) appeals from an order denying his motion for return of bail money posted by his grandmother. The trial court's judgment of conviction ordered that the cash bail, less the statutory amount for victim/witness surcharges, be applied toward restitution in the interest of equity. There is no authority for such a use of cash bail funds. Accordingly, we reverse.

## I.

On March 27, 1990, Brian entered a guilty plea to one count of theft of trunk contents,[1] party to a crime;[2]

---

[1]Section 943.20, Stats. (theft), provides:

**(1)** Whoever does any of the following may be penalized as provided in sub. (3):

(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his [or her] consent and with intent to deprive the owner permanently of possession of such property.

. . ..

and three counts of arson,[3] party to a crime. These convictions stem from instances where Brian and his accomplice would intentionally set fire to automobiles. In one instance, they broke into a potato chip snack truck and stole food products. All of these criminal acts were committed because, as Brian explained to the police, he had nothing else to do. In its judgment of conviction, the court ordered Brian to serve six months in the House of Correction, pay $200 in mandatory victim/witness surcharges, and pay $27,550 in restitution, jointly and severally with the other defendant.[4] Brian did not object to the restitution provisions of the judgment of conviction at sentencing.

A hearing on the issue of bail refund was held nearly eight months after sentencing at the request of Bruno Cetnarowski, Brian's father. Bruno Cetnarowski moved the court for return of the remaining $2,300 of the cash bail to repay the grandmother who loaned money to the

---

(3) Penalties. Whoever violates sub. (1):

. . ..

(c) If the value of the property exceeds $2,500, is guilty of a Class C felony.

[2]Section 939.05, Stats. (party to a crime).

[3]Section 943.03, Stats. (arson of property other than a building), provides:

Whoever, by means of fire, intentionally damages any property (other than a building) of another without the person's consent, if the property is of the value of $100 or more, is guilty of a Class E felony.

[4]Only one other defendant was charged with these crimes, even though other persons were party to the crimes. Brian was also placed on a three-year probation; required to complete his General Educational Development (G.E.D.) within the first two years of probation; undergo drug and alcohol treatment; and undergo psychological and psychiatric evaluation, and treatment if necessary.

Cetnarowski family for Brian's bail.[5] The court denied the motion and stated, without reference to authority, that restitution is an equitable action and should be examined in light of who has the best equitable position among the defendant, innocent victims, and the person who has posted bail. He concluded that the innocent victims are in the best equitable position because they sustained losses and that Brian's grandmother could seek reimbursement from Brian himself. Brian objected to the application of bail funds to restitution at the motion hearing.

On appeal, Brian argues that sec. 969.03(1)(d), Stats. (release of defendants charged with felonies), is the only statutory provision enabling a court to reduce the amount of bail returned to a defendant absent a bail forfeiture circumstance. In short, only court costs and fines may reduce the amount of a refundable cash bail.

On appeal, the State raises the issue that Brian waived his right to question the judgment requiring the application of bail to restitution. The State argues that Bruno Cetnarowski, on behalf of Brian's grandmother, has no standing to request the trial court or the appellate court to modify the judgment because Bruno Cetnarowski is not an "aggrieved party."[6] In short, Brian is an aggrieved party if the bail is returned to the grandmother, but is not an aggrieved party if the court order is affirmed. Moreover, Bruno Cetnarowski seemingly

[5]The court stated that he would construe Bruno Cetnarowski's request as a motion on behalf of the defendant, since Bruno Cetnarowski had no standing to make such a motion.

[6]The State cites *Mutual Serv. Casualty Ins. Co. v. Koenigs,* 110 Wis. 2d 522, 526, 329 N.W.2d 157, 159 (1983) for the proposition that a judgment or order is only reviewable by the "party aggrieved."

appeared with Brian's appointed attorney in the absence of a request from Brian.

In the alternative, if Bruno Cetnarowski has standing on appeal, the State argues that cash bail may be used to satisfy a defendant's restitution obligation when the defendant acquiesces in or consents to the use of bail money for restitution or when the payment of restitution becomes a condition of probation.[7] In addition, the State argues if the trial court's order is reversed, then Brian should be equitably estopped from his recovery of bail because the order requiring the application of bail to restitution was entered nearly eight months prior to the motion for modification of the judgment of sentence. The effect of a reversal requires the victims to return the $2,300 in restitution to Brian and his grandmother.

## II.

█

The State raises, but does not argue, the fact that Brian did not object to the order directing application of bail to restitution at the time of sentencing.[8] Though

---

[7]The State relies upon *State v. Heyn,* 155 Wis. 2d 621, 456 N.W.2d 157 (1990) for this argument. The *Heyn* court said "restitution provisions of sec. 973.09(1)(b) [mandatory restitution] do not restrict the general authority of the circuit court under sec. 973.09(1)(a) [probation guidelines] to condition a defendant's probation on the satisfaction of any requirement which is reasonable and appropriate." *Id.* at 628, 456 N.W.2d at 160. The State does not argue consent or acquiescence on the part of the defendant.

[8]On appeal, the State's brief states: "In fact, as far as the record shows, the defendant never objected to his bail money applied to his restitution obligation. Rather, the only objection to this use of bail was registered by the defendant's father, Bruno Cetnarowski, in a February 22, 1991, letter to the sentencing

this fact may be the basis of a waiver or laches argument, we deem this issue raised by the State as abandoned. *Reiman Assoc. v. R/A Advertising,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (an issue raised on appeal but not briefed or argued is deemed abandoned).

█ The State argues that if the trial court is reversed the defendant becomes the "aggrieved party." While creative, this argument is unsubstantiated by the facts or citation to authority. The argument would have merit only if Brian and his grandmother had agreed that the money she posted for bail would be used for restitution. In the absence of such an agreement, we need not further address this argument. *W.H. Pugh Coal Co. v. State,* 157 Wis. 2d 620, 634, 460 N.W.2d 787, 792 (Ct. App. 1990) (undeveloped assertions without citation to legal authority need not be addressed by the reviewing court).

█ We also determine that the State's argument that Bruno Cetnarowski had no standing to appeal is equally unsubstantiated. The trial court construed the letter from Bruno Cetnarowski as a motion by the defendant to obtain a bail refund.[9] The State made no objection to

judge." No other reference to the waiver issue or citation to legal authority in support of a waiver argument was made in its appellate brief.

[9]The court stated: "So, Mr. Bruno Cetnarowski's letter which I will take as a motion, although he doesn't have standing to make a motion in this court, I'll take that as a motion of the defendant." Bruno Cetnarowski's letter, in substantial part, stated:

> Please consider my request for your reconsideration of the original judgment concerning my son Brian's bail money. You ordered that the bail money be applied towards restitution. I request that the bail

the motion at the time of its presentation and therefore waived it for purposes of appeal. *State v. Romero,* 147 Wis. 2d 264, 274, 432 N.W.2d 899, 903 (1988). ("In order to preserve an issue for appeal as a matter of right, a party must object to the error at trial, stating the proper ground for the objection.")

## III.

■

The determination of bail refunds and the operative effect of secs. 973.20, Stats. (restitution); 973.09, Stats. (probation); 969.03, Stats. (release of defendants charged with felonies); and 818.14, Stats. (application of bail deposit), are questions of law which the court of appeals decides without deference to the determination of the trial court. *Tobler v. Door County,* 158 Wis. 2d 19, 21, 461 N.W.2d 775, 775 (1990).

■

The purposes of bail as a monetary condition of release are set forth in sec. 969.01(4), Stats.:

> **(4)** Considerations in Setting Conditions of Release. If bail is imposed, it shall be only in the amount found necessary to assure the appearance of the defendant. Conditions of release, other than monetary conditions, may be imposed for the purpose of protecting members of the community from serious bodily harm or preventing intimidation of witnesses. Proper considerations in determining whether to release the defendant without bail, fixing a reasonable amount of bail or imposing other reasonable conditions of release are: the ability of the

money, minus the $200 victim/witness surcharge, be returned to me so that I can repay Brian's Grandmother. She loaned us the money and she has no income other than Social Security, and she receives the lowest increment at that.

arrested person to give bail, the nature, number and gravity of the offenses and the potential penalty the defendant faces, whether the alleged acts were violent in nature, the defendant's prior criminal record, if any, the character, health, residence and reputation of the defendant, the character and strength of the evidence which has been presented to the judge, whether the defendant is currently on probation or parole, whether the defendant is already on bail or subject to other release conditions in other pending cases, whether the defendant has been bound over for trial after a preliminary examination, whether the defendant has in the past forfeited bail or violated a condition of release or was a fugitive from justice at the time of arrest, and the policy against unnecessary detention of the defendant's pending trial.

In addition, a bail bond is a promise to indemnify the state against the cost of retrieving a criminal defendant who has not appeared for trial. *State v. Ascencio,* 92 Wis. 2d 822, 829, 285 N.W.2d 910, 913 (Ct. App. 1979). In short, "[b]ail is a device which exists to insure society's interest in having the accused answer to a criminal prosecution without unduly restricting his [or her] liberty and without ignoring the accused's right to be presumed innocent." *State v. Shumate,* 107 Wis. 2d 460, 467, 319 N.W.2d 834, 838 (1982) (citation omitted). Bail forfeiture is not intended to "enrich the government or punish a defendant." *Ascencio,* 92 Wis. 2d at 831, 285 N.W.2d at 914.

Brian aptly cites to sec. 969.03(1)(d), Stats., as the only statutory provision which explicitly permits a court to reduce the amount of a refundable cash bail. When establishing conditions which will ensure the defendant's appearance at future court proceedings, the court may "[r]equire the execution of an appearance bond with sufficient solvent sureties, or the deposit of cash in lieu

of sureties. *If a judgment for a fine or costs or both is entered, any deposit of cash shall be applied to the payment of the judgment.*" Section 969.03(1)(d), Stats. (emphasis added).

■■■

In drafting chs. 969 and 973, the legislature had the opportunity to include restitution, together with fines and costs, as expenses that would reduce the amount of a bail refund; however, it did not. We deem such an omission as an intentional exclusion of the use of bail as restitution. *State v. Smith,* 103 Wis. 2d 361, 366, 309 N.W.2d 7, 9 (Ct. App. 1981) *(expressio unius est exclusio alterius,* express mention of one matter excludes other similar matters not mentioned), *affirmed,* 106 Wis. 2d 17, 315 N.W.2d 343 (1982). The legislature also did not explicitly enable a sentencing court to order cash bail to be applied to restitution in its comprehensive statutory restitution provisions. *See* sec. 973.20(1)-(14), Stats.[10] Therefore, not only did the trial court improperly apply bail to the amount of restitution owed by the defendant, the court's judgment of conviction violated sec. 973.20(12)(b), Stats., which specifies that payments by the defendant "shall be applied first to satisfy the ordered restitution in full, then to pay any fines or related payments under s. 973.05, then to pay costs other than attorney fees and finally to reimburse county or state costs of legal representation."[11]

---

[10]Section 973.20(1)-(14), Stats., addresses, at length, the interrelationship among restitution and probation, restitution procedures for bodily harm and property damage, restitution in cases of death, prioritization of restitution recipients, reservations of rights of victims to sue the defendant for damages in a civil action, and factors to consider when determining the amount of restitution.

[11]However, "[i]f a defendant is subject to more than one

■

We decline to adopt the State's interpretation that *State v. Heyn,* 155 Wis. 2d 621, 456 N.W.2d 157 (1990) and sec. 973.09(1)(a), Stats. (conditions of probation) permit the use of bail refunds as restitution on the basis of a "reasonable and appropriate" condition of probation.[12] Such an interpretation would vest the trial court with overly broad powers under the guise of "reasonable and appropriate" conditions of probation. There is no basis in statutory or case law to support the State's position. "Reasonable and appropriate" conditions of bail do not include payment of restitution with cash bail. *See* 68 Op. Att'y Gen. 71, 72 (1979) ("A defendant's forfeiture of a cash bond is unrelated to his or her liability on the underlying charge. . . . The Wisconsin Legislature has not demonstrated an intent that bail bond deposits be passed on to crime victims under any circumstances.") *See also State v. Schachter,* 577 A.2d 1222, 1224 (N.H. 1990) (payment of restitution from the defendant's forfeited bail is impermissible).

■

The State also argues that, in addition to the "reasonable and appropriate" conditions of probation, a defendant may pay restitution with cash bail when he or she consents to such a payment schedule, citing sec. 973.20(1), Stats. We determine this section inapposite to the State's argument. Moreover, the record reflects that Brian objected to the use of the cash bail for restitution

order under [the restitution] section and the financial obligations under any order total $50 or less," these obligations may be paid first. Section 973.20(12)(c), Stats.

[12]Section 973.09(1)(a) states:

The court may impose any conditions which appear to be reasonable and appropriate.

at the motion hearing in which the trial court denied Brian's motion to modify the sentence.

Finally, the State argues that if this court reverses the trial court's order denying Brian's motion to refund bail, this court "should find that the state could assert the defense of equitable estoppel in the trial court." The State contends that during the approximately eight months between the judgment of conviction and the motion to modify the sentence, the State and victims relied on the trial court's determination to their detriment. Brian argues in his reply brief that the $2,300 bail money had not been disbursed to the victims until after the trial court's denial of his motion for the bail refund.

Whether the facts proven at trial are sufficient to constitute equitable estoppel is a question of law that we review without deference to the trial court's determination. *See Mowers v. City of St. Francis,* 108 Wis. 2d 630, 633, 323 N.W.2d 157, 158 (Ct. App. 1982), *review denied.* We are not persuaded by the State's makeweight equitable estoppel argument. The State concedes that it did not formally argue estoppel at the bail refund hearing, although it asserts that all of the elements of estoppel were present and argued in substance. We decline to review this issue which is raised for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145 (1980). The burden is on the State to establish by reference to the record that the error or potential error was specially called to the attention of the trial court. *See id.*

In summary, we decline to adopt the State's position that the appropriation of bail for purposes of restitution is "reasonable and appropriate" under sec. 973.09, Stats. (conditions of probation), because there is no stat-

ute or case law that supports such a determination. We recognize that application of bail to restitution would be a convenient and expedient means of fulfilling the legislative intent of sec. 973.20, Stats. (restitution). However, such a seizure is not justifiable under any law, including as a condition for release under sec. 969.01(4), Stats. (bail as a condition of release). Brian's grandmother agreed to lend the Cetnarowski family money to post Brian's bail. No statute or rule of case law supersedes this agreement and makes bail applicable to restitution.

*By the Court.*—The order of the circuit court denying the appellant's motion for a bail refund is reversed and remanded with directions to modify the restitution portion of the order consistent with this opinion.

FINE, J. *(dissenting)*. I agree with the majority that clear statutory language precludes the use of bail money for restitution. I also agree that Brian Cetnarowski's father has standing. *See In re Paternity of J.S.P.*, 158 Wis. 2d 100, 107, 461 N.W.2d 794, 796 (Ct. App. 1990) ("A person may be an aggrieved party even though he or she is not a named party to the suit if he or she has a substantial interest adverse to the judgment or order."). Nevertheless, I believe the trial court's order must be affirmed because Brian Cetnarowski's father is guilty of laches.

The trial court's order directing that bail money posted on Brian Cetnarowski's behalf be used for restitution was entered June 8, 1990. It was not until February 22, 1991, some eight months later, that Brian Cetnarowski's father sought return of that money.[1] Additionally,

---

[1]The bail money was posted by Brian's father. The father's February 22, 1991, letter to the trial court represents that the money was loaned to him by Brian's grandmother, that social security was the grandmother's sole source of income, and that

Brian Cetnarowski sought modification of his sentence three times in the intervening period: on August 21, 1990, on September 17, 1990, and on October 3, 1990, but never sought modification of the trial court's order that the bail be applied to his restitution obligations. Under these circumstances, and absent anything in the appellate record to the contrary, I believe that laches applies. *See Wetzel v. Minnesota Ry. Transfer Co.,* 169 U.S. 237, 241 (1898) ("The interests of public order and tranquility demand that parties shall acquaint themselves with their rights within a reasonable time, and although this time may be extended by their actual ignorance, or want of means, it is by no means illimitable."). I would affirm.[2]

"she receives the lowest increment at that." The trial court took no evidence under oath on the accuracy of these representations.

[2]An appellate court may affirm on a rationale other than that given by the trial court. *State v. Holt,* 128 Wis. 2d 110, 124-125, 382 N.W.2d 679, 687 (Ct. App. 1985).