GINA E. MARTINEZ, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 39958

May 4, 2004                                          88 P.3d 825

*Gina E. Martinez,* South Daytona, Florida, in Proper Person.

*David J. Roger,* District Attorney, and *James Tufteland,* Chief
Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is a proper person appeal from a district court order that
denied appellant Gina Martinez's motion for return of money de-
posited as bail.[2] Martinez deposited $6,000 cash bail for criminal
defendant Patrick O'Kelly. In accordance with O'Kelly's guilty
plea agreement, the district court's judgment of conviction applied
$5,038 of the cash bail toward the restitution owed by O'Kelly. We

---

[2]Although appellant was not granted leave to file papers in proper person,
*see* NRAP 46(b), we have considered the papers received from her.

conclude that the district court lacked statutory authority to apply the cash bail deposited by Martinez towards O'Kelly's restitution.

## FACTS

On August 2, 2000, a criminal complaint was filed in Las Vegas Justice's Court against O'Kelly[3] for theft.[4] O'Kelly was arrested, and Martinez posted $6,000 cash bail. The Las Vegas Justice's Court bound O'Kelly over to the district court as charged, and transferred the cash bail to the district court. At O'Kelly's arraignment, he filed a guilty plea agreement in open court, which stated that he would forfeit $5,038 of the cash bail to satisfy restitution that he owed as a result of his crimes. The district court set O'Kelly's sentencing date, but he failed to appear. Consequently, the district court issued a bench warrant for O'Kelly's arrest and sent Martinez a notice of intent to forfeit the cash deposit. O'Kelly was later arrested and appeared before the district court for sentencing.

At O'Kelly's sentencing, the district court entered a judgment of conviction, which sentenced O'Kelly to one year at the Clark County Detention Center, and ordered him, pursuant to his plea agreement, to pay restitution of $5,038 out of the $6,000 cash bail.

Martinez, represented by counsel, moved for return of the bail money. The district court denied her motion,[5] and Martinez appealed. We now decide if the district court was authorized to apply the cash bail deposited by Martinez to satisfy O'Kelly's restitution.

## DISCUSSION

Although this appeal raises an issue of first impression in Nevada, it is well recognized across the country that courts do not have inherent authority to apply cash bail to pay a fine, costs, or restitution.[6] Therefore, in the absence of authority to apply cash bail to pay fines, costs, or restitution, the practice is improper.

For example, the Wisconsin Court of Appeals reversed a trial court order that applied cash bail deposited by the defendant's grandmother toward restitution.[7] The Wisconsin court examined a state statute that allowed cash deposited as bail to be applied to any

---

[3]The complaint was actually filed against Michael Lallo, which is one of O'Kelly's aliases.

[4]*See* NRS 205.0832; NRS 205.0835.

[5]Subsequently, Martinez moved for return of the money not applied to restitution. The district court granted her motion and refunded the surplus.

[6]*See, e.g., State v. Nath,* 52 P.3d 857 (Idaho 2002); *State v. Cetnarowski,* 480 N.W.2d 790 (Wis. Ct. App. 1992).

[7]*Cetnarowski,* 480 N.W.2d at 793.

judgment for a fine or costs but did not mention restitution.[8] The court concluded that the legislature had the opportunity to include restitution as an expense that could reduce the amount of a bail refund, but it chose to exclude restitution. Therefore, the court deemed the ''omission as an intentional exclusion of the use of bail as restitution.''[9] Implicit in the court's decision was the concept that the district court could have legitimately applied the cash bail to any fines or costs because the statute put the depositor on notice that cash bail could be used for such purposes.

In contrast, the Illinois Court of Appeals has held that cash bail deposited by a third party can be applied to restitution for a victim of sexual abuse.[10] However, the Illinois court's decision rested on an Illinois statute that explicitly allowed a court in a sexual abuse case to apply a cash bond to restitution after court costs and any fines were paid out of the bond.[11]

Similarly, whether the district court was authorized to apply the cash bail deposited by Martinez to pay O'Kelly's restitution turns on Nevada's statutory scheme governing bail.

### Nevada's bail statutes

In Nevada, NRS chapter 178 regulates bail. NRS 178.502(1) authorizes a court to accept cash bail. NRS 178.522(1), in turn, provides that when the condition on the bond has been satisfied, or the forfeiture of the bond has been set aside or remitted, the court shall exonerate the obligors and release any bail unless ''the money deposited by the defendant as bail must be applied to satisfy a judgment pursuant to NRS 178.528.'' Under NRS 178.528, a judgment for the payment of a fine must be paid with any money deposited as bail that remains on deposit at the time of the judgment. Additionally, this statute provides that costs, as well as the fine, must be satisfied with the bail money, and that the court shall refund any surplus to the person who deposited the bail.

Notably, although Nevada's statutes allow bail money to be used for fines and costs, no statutory provision authorizes the application of bail money to satisfy restitution. And it is well recognized that restitution differs from a fine or costs. Restitution is ''[c]om-

---

[8]*Id.* The statute stated in part: ''If a judgment for a fine or costs or both is entered, any deposit of cash shall be applied to the payment of the judgment.'' Wis. Stat. § 969.03(1)(d) (1989).

[9]*Cetnarowski,* 480 N.W.2d at 793.

[10]*People v. Rayburn,* 630 N.E.2d 533 (Ill. App. Ct. 1994).

[11]*See* Ill. Stat. Ann. § 1005-5-6(e) (West Supp. 1992).

pensation for benefits derived from a wrong done to another," or "[c]ompensation or reparation for the loss caused to another,"[12] while a fine is a "pecuniary criminal punishment or civil penalty payable to the public treasury."[13] Further, Nevada's statutes governing crimes and punishment differentiate between restitution and fines.[14]

Nevada's bail statutes did not put Martinez on notice that the money she deposited might be applied to pay O'Kelly's restitution. In addition, there is no evidence that she consented to the plea agreement. Although the district court may have been authorized to apply the bail money to pay a fine or costs, it lacked statutory authority to apply the bail money toward O'Kelly's restitution obligation. Our conclusion in this case is consistent with the decisions of other jurisdictions that have reached this issue.[15]

## CONCLUSION

The district court erred by applying the cash bail deposited by Martinez to pay O'Kelly's restitution. Accordingly, we reverse the district court's order and remand this matter to the district court for further proceedings consistent with this opinion.

---

[12]*Black's Law Dictionary* 1315 (7th ed. 1999).

[13]*Id.* at 647.

[14]*See* NRS 193.330(1) (providing that an attempt to commit a gross misdemeanor is punishable by imprisonment, or by a fine, or by both a fine and imprisonment); NRS 205.0835(5) (stating that "[i]n addition to any other penalty, the court shall order the person who committed the theft to pay restitution").

[15]*See Nath,* 52 P.3d at 862 (concluding that applying a cash bond to the defendant's restitution was not statutorily permitted); *State v. Giordano,* 661 A.2d 1311, 1314 (N.J. Super. Ct. App. Div. 1995) (holding that neither the bail agreement nor state law authorized bail to be used to satisfy a defendant's restitution obligation without the consent of the third party who posted bail); *Cetnarowski,* 480 N.W.2d at 793; *see also Minasian v. State,* 655 So. 2d 1143, 1145 n.2 (Fla. Dist. Ct. App. 1995) (recognizing that although a statute allowed the deduction of fines and costs from a defendant's cash bond, it did not authorize the forfeiture of the bond to pay restitution).