136 Nev., Advance Opinion 81

IN THE SUPREME COURT OF THE STATE OF NEVADA

JACK PAUL BANKA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80181

FILED

DEC 10 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to an *Alford* plea, of driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

*Reversed and remanded.*

Pariente Law Firm, P.C., and John Glenn Watkins and Michael D. Pariente, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Taleen R. Pandukht, Chief Deputy District Attorney, and Michael G. Giles, Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

20-44887

## OPINION

By the Court, STIGLICH, J.:

In this appeal, we consider whether a defendant must be informed of the existence of a mandatory minimum fine in order to make a knowing, voluntary decision to enter a plea. Here, the defendant was informed that he faced a mandatory fine of up to $5,000, but not that the fine would be at least $2,000. Because a fine is a form of punishment, we conclude that a defendant must be informed of any mandatory minimum as well as maximum fine in order to be fully informed of the direct consequences of a plea. Therefore, the district court abused its discretion by denying appellant's presentence motion to withdraw his guilty plea. Accordingly, we reverse the judgment of conviction and remand for further proceedings consistent with this opinion.

## BACKGROUND

In December 2016, a car driven by appellant Jack Banka struck another vehicle while on a public road, fracturing the sternum of the other vehicle's passenger. Banka fled the scene until his vehicle stopped working. A blood draw administered within two hours of the original accident revealed Banka's blood-alcohol content to be 0.193. The State charged Banka under NRS 484C.110(1) and NRS 484C.430(1) with driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm.

Banka subsequently entered an *Alford* plea.[1] In the written plea agreement, Banka acknowledged that he understood the consequences of the plea, including that he may be fined up to $5,000. During the district

---

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

 

court's canvass of Banka, the court clarified that the fine was mandatory and reiterated that it was "up to five thousand," while also saying "because of the language of up to five thousand, I could do something much less than that obviously, but I have to . . . impose a fine."

Banka moved to withdraw his *Alford* plea before sentencing, arguing that he did not understand the consequences of his plea because he did not know the mandatory minimum fine for the offense was $2,000. The district court denied the motion on the ground that, since Banka was informed of a mandatory fine up to a maximum of $5,000, he was on notice for a fine of at least $2,000.

At sentencing, the district court adjudged Banka guilty, and imposed a prison term of 48 to 120 months and a fine of $2,000 (plus other fees). Banka appeals, challenging the denial of the motion to withdraw his plea.

## DISCUSSION

*A defendant must be informed of any mandatory minimum fine before entering a plea*

Banka claims that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea. Banka argues that he should have been permitted to withdraw his plea since he mistakenly believed the fine could be any amount up to $5,000, including a nominal sum. We agree.

A presentence motion to withdraw a guilty plea may be granted "for any reason where permitting withdrawal would be fair and just." *Stevenson v. State*, 131 Nev. 598, 604, 354 P.3d 1277, 1281 (2015). To enter a knowing and voluntary plea, a defendant must have "a full understanding of . . . the *direct consequences* arising from a plea of guilty." *Little v. Warden*, 117 Nev. 845, 849, 34 P.3d 540, 543 (2001). "A consequence is

SUPREME COURT
OF
NEVADA

(O) 1947A

deemed 'direct' if it has 'a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" *Id.* (quoting *Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988) (internal quotation marks omitted)). A mandatory statutory fine is a direct consequence arising from a guilty plea because it is a form of punishment that has an immediate and automatic effect and the range is defined by the statute, and thus, a defendant is required to be informed of the statutory range of the fine. *See Martinez v. State*, 120 Nev. 200, 203, 88 P.3d 825, 827 (2004) (stating that criminal fines are pecuniary forms of punishment); *see also White v. State*, 99 Nev. 760, 761, 670 P.2d 576, 577 (1983) (requiring that a defendant understand "the range of possible punishments that could flow from his plea"). Although a defendant does not necessarily need to be informed during the district court's plea canvass of the consequences of his or her plea, "it must affirmatively appear, somewhere in the record," that he or she was so informed. *Skinner v. State*, 113 Nev. 49, 50, 930 P.2d 748, 749 (1997); *see also Little*, 117 Nev. at 854-55, 34 P.3d at 546 (concluding that the district court's failure to inform the defendant of his ineligibility for parole is harmless error where the totality of the circumstances demonstrate that the defendant knew of his ineligibility). "Absent an abuse of discretion, the district court's decision regarding the validity of a guilty plea will not be reversed on appeal." *Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994).

The required fine for a violation of NRS 484C.430 is "not less than $2,000 nor more than $5,000." NRS 484C.430(1). Banka's guilty plea agreement failed to capture either of these statutory requirements. The agreement erroneously stated that he "may" (as opposed to *must*) be fined up to $5,000, thereby failing to inform Banka that the fine was mandatory,

and the agreement omitted entirely that there was also a statutory minimum fine amount of $2,000. During Banka's plea canvass, the district court clarified that he would be subject to a mandatory fine up to a maximum of $5,000, in addition to restitution. But the district court failed to apprise Banka that the mandatory fine penalty had a statutory minimum of $2,000. This failure to inform Banka of the statutory minimum fine amount was "compounded by the district court further commenting, 'I could[,] . . . because of the language of up to five thousand, I could do something much less than that obviously . . . .'" This comment suggested that while the court had to impose a fine, the fine could be a nominal one.

The State counters that, since Banka was informed of a mandatory fine up to $5,000 and at sentencing received a lesser fine of $2,000, his plea was sufficiently knowing and voluntary. We disagree. The fact that an individual could have anticipated a potential punishment is not enough to ensure that a defendant is fully aware of the actual direct consequences of the plea. Every decision on whether to enter a guilty plea involves a weighing of risks by the defendant, and knowing the range of possible punishments is necessary for a defendant to determine whether he or she should instead proceed to trial. When a defendant believes a nominal fine is possible when, in fact, a substantial fine is required, he or she clearly does not know the actual range of punishment that could be imposed. *See Little*, 117 Nev. at 849, 34 P.3d at 543 (holding that a defendant did not plead with knowledge of the possible punishments when he was not informed that his sentence was not probationable, since "ineligibility for probation means . . . there is not even a remote possibility that the district court will exercise its discretion and suspend the execution of sentence"). Where there is a range of punishments—by fine or by imprisonment—the

SUPREME COURT
OF
NEVADA

(O) 1947A

5

defendant must be informed of both the floor and ceiling of that range in order to make a knowing and voluntary decision. Because Banka was not informed of the mandatory minimum statutory fine, we conclude that the district court abused its discretion in denying Banka's presentence motion to withdraw his guilty plea.

## CONCLUSION

Having concluded that the district court abused its discretion in denying Banka's presentence motion to withdraw his guilty plea, we reverse the judgment of conviction and remand for further proceedings consistent with this opinion.[2]

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver

---

[2]In light of our reversal, we need not discuss Banka's remaining assignments of error.